# EXHIBIT E

Civil Court of the City of New York
County of New York
Part: C, Room: 823

Index #: LT-317051-22/NY
Motion Seq #: 1

## Decision/Order

Fifth and 106th St. Associates LP
    Petitioner(s)
  -against-
Mark Haynes
    Respondent(s)

Present: Vanessa Fang
Judge

Recitation, as required by CPLR 2219(A), of the papers considered in the review of this motion by respondent to dismiss:

| PAPERS | NUMBERED |
|---|---|
| Notice of Motion and Affidavits Annexed | 1, 3 |
| Order to Show Cause and Affidavits Annexed | |
| Answering Affidavits | 2 |
| Replying Affidavits | |
| Exhibits | |
| Stipulations | |
| Other | |

[Margin note: Respondent's amended motion is denied as improper. The prior motion was already briefed. Notwithstanding, Housing Court is the preferred forum for resolving landlord-tenant issues. 44-46 W. 65th Apt Corp v Stvan, 3 A.D. 3d 440, 441 (1st Dept. 2004). There is also a strong public policy against staying a pending summary proceeding. Schulz v 230 East 73rd Owners Corp., 203 A.D. 2d 151 (1st Dept. 1994).]

Upon the foregoing cited papers, the Decision/Order in this Motion is as follows:

Respondent moves to dismiss on the grounds that a 5-day notice to cure was not served prior to the rent demand; the lease was not attached to the petition; and petitioner's failure to abide by HUD regulations. Petitioner opposes the motion in its entirety.

A notice to cure is not required in a nonpayment proceeding. However, in the event respondent is referring to the 5-day notice pursuant to RPAPL-235-e(d) a copy of the notice and certified mailing receipt is annexed to the petition. Therefore, that branch of the motion to dismiss due to a lack of a 5-day notice is denied. In addition a lease is not required to be annexed to the petition. RPAPL § 741. Therefore, that branch of the motion seeking dismissal due to the failure to attach the lease is denied. Lastly, the section cited by respondent is from the HUD Handbook and it does require dismissal of the within proceeding. Therefore, that branch of the motion to dismiss for not abiding by the HUD regulations is denied. Respondent also seeks dismissal of another nonpayment proceeding under LT-54860-20. That proceeding is not before the court. In any event, that proceeding was administratively dismissed on 2/23/23 and petitioner acknowledges that the petition was satisfied by Erap payment. Accordingly, respondent's motion to dismiss is denied. Respondent subsequently filed an amended motion seeking the same relief as well as a stay of this proceeding.

Date: 8/10/23

Judge, Civil/Housing Court