# EXHIBIT I

Civil Court of the City of New York
County of New York
Part: Part C, Room: 823

Index #: LT-317051-22/NY
Motion Seq #: 3

### Decision/Order

Fifth and 106th St. Associates LP
    Petitioner(s)
-against-
Mark Haynes
    Respondent(s)

Present: Vanessa Fang
Judge

Recitation, as required by CPLR 2219(A), of the papers considered in the review of this motion by respondent to renew and reargue this court's prior decision and order dated August 10, 2023.

| PAPERS | NUMBERED |
|---|---|
| Notice of Motion and Affidavits Annexed | 1 |
| Order to Show Cause and Affidavits Annexed | |
| Answering Affidavits | 2 |
| Replying Affidavits | 3 |
| Exhibits | |
| Stipulations | |
| Other | |

Upon the foregoing cited papers, the Decision/Order in this Motion is as follows:

Respondent previously moved to dismiss based on petitioner's failure to serve a five-day notice to cure; failure to attach the lease to the petition; and failure to abide by HUD regulations. Pursuant to a decision and order dated August 10, 2023 (hereinafter "prior decision"), respondent's motion to dismiss was denied in its entirety as the court held that a notice to cure is not required in a nonpayment proceeding; the lease is not required to be annexed to the petition; and the HUD Handbook section cited by respondent does *not* require dismissal of the proceeding[1]. Respondent also filed an amended motion to dismiss and for a stay which was denied as improper and due to the strong public policy against staying summary proceedings.

Respondent now moves for leave to renew and reargue the court's prior decision which denied respondent's motion to dismiss. Respondent moves to reargue based on facts not offered on the prior motion. Specifically, respondent states that he did not clarify in his prior motion that when he stated that petitioner failed to attach the lease agreement to the petition. Respondent claims that he actually meant he was without a lease for four years and that no

lease was in effect when this nonpayment proceeding was commenced. Respondent also argues that petitioner failed to comply with the HUD Handbook requirements in providing respondent with four recertification notices and now cites to additional chapters of the Handbook.

On renewal, respondent seeks to challenge paragraph seven of the petition concerning the rent regulatory status of the subject premises and for sanctions against petitioner's counsel based on allegations in counsel's prior opposition papers alleging that respondent resides in the Bronx. Respondent asserts that his reasonable excuse for failing to raise these issues previously are due to personal family obligations and that he is a self-represented litigant.

Petitioner opposes and asserts that the motion is insufficient as it alleges new facts and arguments not raised in the prior motion and fails to offer a reasonable justification for not presenting the new facts in the prior motion. Petitioner also claims that respondent does have a lease.

A motion to reargue is addressed to the sound discretion of the court to allow a party to establish that the court, in issuing its prior order, overlooked or misapprehended relevant facts or misapplied controlling principles of law. *Foley v. Roche*, 68 A.D.2d 558, 567 (1st Dept. 1979). A motion to reargue shall not include any matters of fact not offered on the prior motion. CPLR § 2221(d). It is not intended to permit the unsuccessful party to argue the same issues previously decided or to advance new or different arguments from those raised in the original application. *Foley*, 68 A.D.2d at 567-568.

A motion seeking renewal "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination; and shall contain reasonable justification for the failure to present such facts on the prior motion." CPLR § 2221(e).

Respondent's claim that the court overlooked relevant facts which respondent admits were not offered on the prior motion is without merit as it is an insufficient basis on which to seek reargument. Respondent also fails to demonstrate either a change in the law that would alter the court's prior order or a reasonable excuse for failing to present the new facts which were previously known to him in the prior motion. Rather, respondent instead seeks to

---

[1] The court's prior decision inadvertently left out the word "not" and the sentence should have read "Lastly, the section cited by respondent is from the HUD Handbook and it does *not* require dismissal of the within proceeding."

advance new arguments after his prior arguments were unsuccessful. This is not a proper basis on which to seek renewal or reargument. *Foley*, 68 A.D.2d at 567-568. While some leeway is given to a self-represented litigant, respondent is still required to adhere to the law in establishing his claims and defenses. *See Fawer v. Shipkevich PLLC*, 2003 N.Y. Slip Op. 00485 (AT 1 2023); *Pierre v. Ayoubi*, 37 Misc.3d 128(A) (AT 1 2012).

Accordingly, respondent's motion to renew and reargue is denied.

This constitutes the decision and order of the Court.

Dated: November 17, 2023
       New York, New York

_____
VANESSA PANG, J.H.C.