**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
**In re:**
    Mark Haynes
**Debtor(s)**
-------------------------------------------------------x

FILED
Hearing Date: 2/08/2024

Case No. 23-14972
Chapter: 13
**NOTICE OF MOTION**

    Mark Haynes, Debtor pro se, hereby moves this Court before the Honorable Judge Philip Bentley at the United States Bankruptcy Court, Southern District of New York located at the Old Customs House, One Bowling Green, New York, NY 10004, on the 8th day of February 2024 at 10:00 am in the forenoon of that day by telephonic hearing to be held using Zoom for Government, or as soon thereafter as movant can be heard for:

    1. Entry of an order transferring this case to the United States Bankruptcy Court for the District of New Jersey pursuant to Section 1412 of Title 28 of the United States Code and Rule 1014(a)(1) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

    2. Granting such other and further relief that the Court deems just, proper and fair.

    PLEASE TAKE FURTHER NOTICE that answering papers, if any, must be served upon the undersigned at movant's current address: 38 W Avon Avenue, Irvington NJ 07111, at least seven (7) days prior to the hearing date of said motion.

Dated: January 19, 2024
    New York, NY

                                                    Mark Haynes/Debtor pro/se

# DEBTOR'S AFFIDAVIT IN SUPPORT OF MOTION TO TRANSFER VENUE OF CASE PURSUANT TO 28 U.S.C. SECTION 1412 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 1014(A)(1)

## TO: THE HON. PHILLIP BENTLEY, UNITED STATES BANKRUPTCY JUDGE

In support of this Motion, Movant respectfully submits the following affidavit :

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 1334(b) and 157, and the standing order of reference from the United States District Court for the United States Bankruptcy Court of New Jersey dated as of September 18, 2012. This is a core proceeding under 28 U.S.C. Section 157(b)(2)(A) and (O). Movant does not consent to entry of a final judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. The statutory and legal predicates for the relief requested herein are 28 U.S.C. Sections 1408 and 1412 and Bankruptcy Rule 1014(a)(1).

3. Venue is proper before this Court pursuant to 28 U.S.C. Section 1409.

## FACTUAL BACKROUND

4. On December 8, 2023 ("**Petition Date**"), the Debtor commenced a voluntary case under Chapter 13 of the Bankruptcy Code. On December 8, 2023 the court entered an Order of Relief under Case# 23-11977

5. The Debtor continues in possession of its property and as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. Thomas Frost is the duly appointed Chapter 13 trustee.

6. The Debtor has properly filed the petition in the Southern District of New York where, for at least 180 days before the Petition Date, the Debtor was domiciled.

7. All or most of the Debtor's creditors are in the state of New Jersey. The laws of the state of New Jersey govern most of the documents/contracts/liens related to claims against the Debtor's homestead and other possessions are located in the state of New Jersey. Debtor will be able to take the exemption in that state.

### RELIEF REQUESTED AND THE BASIS THEREFOR

8. By this Motion, the Movant seeks entry of an order, pursuant to 28 U.S.C. Section 1412, transferring venue of the case to the US Bankruptcy Court for the District of New Jersey.

9. Section 1412 provides that the court can transfer a case to another court in the interest of justice or for the convenience of the parties.

10. Transfer of the case to the District of New Jersey is in the interest of justice because District of New Jersey will allow movant to seek attorney's that are licensed to practice bankruptcy law in that jurisdiction. (See Jacobsen v. Bank of Am. Corp., 2010 WL 11552987, at *2 (W.D. Cal. Nov. 1, 2010); Enron Corp. v. Arora (In re Enron Corp.), 317 B.R. 629, 639 (Bankr. S.D.N.Y. 2004); Irwin v. Beloit Corp. (In re Harnischfeger Indus., Inc.), 246 B.R. 421, 435-37 (Bankr. N.D. Ala. 2000).) It will also be a convenience of the parties because it would be a hardship/prejudicial to compel creditors/witnesses/other parties having a stake in the **case** to travel to the current district to preserve their rights/testify as may be necessary. (See In re Metz, 173 B.R. 280, 282 (Bankr. E.D.N.Y. 1994), citing *Puerto Rico v. Commw. Oil*

*Refining Co., Inc. (In re Commw.* Oil Refining Co., Inc.), 596 F.2d 1239, 1247-48 (5th Cir. 1979)).

11. Transfer to the District of New Jersey complies with 28 U.S.C. Section 1408.

12. In the interest of justice/for the convenience of the parties, the case should be transferred from this district to the [district] District of [STATE].

13. No prior request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, for the reasons set forth herein, in the interests of justice and for the convenience of the parties, the Movant respectfully requests that this Court enter an order, transferring this case to the US Bankruptcy Court for the District of New Jersey, and granting such other and further relief as is just and proper.

Dated: January 19, 2024

_____
Mark Haynes, Debtor pro se


Sworn before me on

this 22 day of February, 2024

_____
NOTARY PUBLIC

ALEKSANDR ABDURAKHMANOV
Notary Public, State of New York
No. 01AB6143871
Qualified in Queens County
Certificate Filed in New York County
Commission Expires 04/17/2026

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
**In re:**                                                          Case No. 23-11977
       Mark Haynes                          Chapter: 13
**Debtor(s)**
-------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 22, 2024 a copy of the annexed papers was served by depositing same, enclosed in a properly addressed postage-paid envelope, in an official depository under the exclusive care of the United States Postal Service within the State of New York, upon:

Thomas C. Frost
Chapter 13 Standing Trustee
399 Knollwood Rd
Suite 102
White Plains, NY 10603

U.S. Trustee
United States Trustee
Office of the United States Trustee - NY
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, NY 10004-1408

Dated: January 22, 2024

                                                           _/s/ Mark Haynes_
                                                           Mark Haynes, Debtor pro se