1/1/2022

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x

In Re:

Case No. 23-11977

**Mark Haynes**

**CHAPTER 13 PLAN**

Debtor(s)

---------------------------------------------------------------x

FILED
2024 FEB -1 P 4: 12
U.S. BANKRUPTCY COURT
S.D.N.Y.

## PART 1: NOTICES

**1.1 Notice to Debtor(s):** This Form Plan sets out options that may be appropriate in some cases, but the presence of an option on the Form Plan does not indicate that the option is appropriate in your circumstances. To be confirmable, this Plan must comply with the Bankruptcy Code, the Bankruptcy Rules, judicial rulings, and the Local Rules.

☒ By checking this box, Debtor(s) acknowledges that he/she is not eligible for a discharge pursuant to 11 U.S.C. §1328(f).

**1.2 Notice to Creditors**: If you oppose the Plan's treatment of your claim **or any provision of this Plan**, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.
Amounts stated in allowed claims shall control over this plan, unless otherwise determined by the Court pursuant to Bankruptcy Rule 3012.

This Plan shall be binding upon its confirmation. You should read this Plan carefully and discuss it with your attorney if you have one. If you do not have an attorney, you may wish to consult one who practices bankruptcy law.

The Bankruptcy Court may confirm this Plan without further notice if no objection is filed. *See* Bankruptcy Rule 3015.

**1.3 Debtor(s) must check one box on each line to state whether or not the Plan includes each of the following items. If an item is checked as "does not", if both boxes are checked, or no box is checked, the provision will be ineffective if set out later in the Plan.**
In accordance with Bankruptcy Rule 3015.1, this Plan:
☒does / ☐does not contain any nonstandard provision (See Part 8 herein for any non-standard provision);
☒does / ☐does not limit the amount of a secured claim based on valuation of the collateral for the claim (See Part 3 herein);
☒does / ☐does not avoid a security interest or lien (See Part 3 herein);
☒does / ☐does not request loss mitigation (See Part 3 herein).

Page 1

## PART 2: PLAN PAYMENTS AND DURATION

The Debtor(s) shall make [ (36 or up to 60) ] monthly payments to the Trustee as follows:

| Payment Amount | Commencing (Month and Year) | Ending (Month and Year) | Number of Months |
|---|---|---|---|
| $478.20 | 2/01/2024 | 2/01/2027 | 36 |
|  |  |  |  |
|  |  |  |  |

**2.1** Debtor's future earnings are submitted as provided in the Plan to the supervision and control of the Trustee as described above. Debtor(s) will make the first Plan payment no later than thirty [30] days after the date the Petition was filed. All plan payments must be made in the form of certified check, bank check, money order, or electronically via www.tfsbillpay.com. In the event the plan is not feasible, at the end of the case, the Debtor(s) shall be permitted to remit up to $1,000.00 to the Trustee as an additional payment to cure this defect without leave of the Court. Debtor(s) shall be notified of the issue via letter filed on the Court's docket and the Debtor(s) shall have 30 days to remit payment.

**2.2 Income Tax Refunds.**
Unless otherwise ordered by the Court, if general unsecured creditors are paid less than 100%, as provided in Part 6 of this plan, the Debtor(s) shall provide the Trustee with signed copies of their federal and state tax returns filed post-petition, no later than May 15th of the year following the tax period, unless evidence of an extension has been provided to the Trustee, in which case such return shall be provided to the Trustee within 30 days of being filed. All future net tax refunds in excess of $1,500 per tax filer shall be paid to the Trustee for the duration of the Plan upon receipt, however no later than June 15th of the year in which the tax returns are filed.

**2.3 Irregular Payments.** *Check one.*
☒None. If "None" is checked, the rest of subsection 2.3 need not be completed and may be collapsed/omitted.

☐Debtor(s) will make irregular payment(s) to the Trustee from other sources, as specified below:

| Source | Estimated Amount | Date of Payment (Anticipated) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

## PART 3: TREATMENT OF SECURED CLAIMS

**3.1 Maintenance of payments and cure of default, if any.**
**(a) Post-Petition Payments.**
☐None. If "None" is checked, the rest of this subsection need not be completed and may be collapsed/omitted.

☒The Debtor(s) shall pay the current contractual installment payments on the secured claims listed below

with any changes required by the applicable contract and noticed in conformity with applicable rules (insert additional rows as needed):

| Name of Creditor | Last 4 Digits of Account Number | Principal Residence (check box) | Property Description (i.e. address or year/make/model) | Current Payment Amount |
|---|---|---|---|---|
| Chase Bank | 0210 | ☒ | 38 West Avon Avenue, Irvington, NJ | $1,760 |
| US Bank | 4436 | ☐ | 873 South 9th Street, Newark NJ | $1,942 |
|  |  | ☐ |  |  |

**(b) Prepetition Arrearages.**
☒None. If "None" is checked, the rest of this subsection need not be completed and may be collapsed/omitted.

(i) For purposes of this Plan, Prepetition Arrearages shall include all sums included in the allowed secured claim and shall have a "0" balance upon entry of the discharge order in this case.
(ii) Information Regarding Prepetition Arrearages (insert additional rows as needed):

| Name of Creditor | Last 4 Digits of Account Number | Principal Residence (check box) | Property Description (i.e. address or year/make/model) | Arrears as of Petition Date | Interest (if any) |
|---|---|---|---|---|---|
|  |  | ☐ |  |  |  |
|  |  | ☐ |  |  |  |
|  |  | ☐ |  |  |  |

**3.2 Surrender.** *Check one. If you check a box other than "None" you will have to serve this Plan pursuant to Bankruptcy Rule 7004.*
☒None. If "None" is checked, the rest of this subsection need not be completed and may be collapsed/omitted.

☐Debtor(s) surrenders the following property and upon confirmation of this Plan or as otherwise ordered by the Court, bankruptcy stays are lifted for all purposes as to the collateral to be surrendered. The Secured Creditor shall not receive payment under the Plan unless a deficiency claim is filed. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 6 below.

| Name of Creditor | Property Description (i.e. address or year/make/model) | Last 4 Digits of Account Number |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

## 3.3 Avoidance of wholly unsecured liens and valuation of security/bifurcation of liens.

*[Note: Bifurcation is not applicable to Real Property Used as a Principal Residence or property listed under Section 3.1 of this Plan.] Check one.*

☒ None. If "None" is checked, the rest of this subsection need not be completed and may be collapsed/omitted.

☐ Debtor(s) shall file a motion to determine the value of the secured claims listed below. Such claim shall be paid pursuant to order of the Court upon determination of such motion. This paragraph shall only be effective if the applicable box in **Part 1** of the plan is checked. This paragraph shall not modify liens underlying any secured claims under non-bankruptcy law absent an order determining such motion, and either completion of payments under the plan or entry of discharge of the Debtor(s), as determined by the Court.

| Name of Creditor | Property Description (i.e. address or year/make/model) | Last 4 Digits of Account Number | Value of Collateral | Total Amount of Claim | Estimated amount of Secured Claim | Estimated amount of Unsecured Claim |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

## 3.4 Claims secured by personal property which must be paid in full. *Check one.*

☒ None. If "None" is checked, the rest of this subsection need not be completed and may be collapsed/omitted.

The claims listed below were either:

☐ incurred within 910 days before the Petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s); or

☐ incurred within 1 year of the Petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the Plan with interest at the rate stated below.

| Name of Creditor | Property Description (i.e. address or year/make/model) | Last 4 Digits of Account Number | Amount of Secured Claim | Interest Rate |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

## 3.5 Loss Mitigation of the Debtor's real property used as a principal residence. *Check one.*

☒ None. If "None" is checked, the rest of this subsection need not be completed and may be collapsed/omitted.

☐ By checking this box and completing this section, the Debtor(s) shall serve and file a separate request for loss mitigation on proper notice to affected creditors in accordance with Local Rule 9019-2, which governs a court-ordered loss mitigation program, pursuant to which parties may deal with issues such as a loan modification, loan refinance, sale, or surrender in full satisfaction, concerning the Debtor's real property used as a principal residence. Address of the property must match the address listed as the Debtor's residence on the Petition.

| Name of Creditor | Property Address | Last 4 Digits of Account/Lien Number | Amount of Secured Claim |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

See http://www.nysb.uscourts.gov/loss-mitigation
and http://www.nysb.uscourts.gov/sites/default/files/ch13DebtorInstructions.pdf.

### 3.6 Additional provisions relating to Secured Creditors.
(a) Secured Creditors with a security interest in the Real Property Used as a Principal Residence shall comply with all provisions of Bankruptcy Rule 3002.1.
(b) If relief from the automatic stay is ordered as to any secured claim listed in this Part, then, unless otherwise ordered by the Court, that claim will no longer be treated by the Plan and all payments under this Part of the Plan on such secured claim shall cease.

### PART 4: TREATMENT OF FEES AND PRIORITY CLAIMS

### 4.1 General.
Trustee's fees and all allowed priority claims, including domestic support obligations and other unsecured priority claims will be paid in full without post-Petition interest.

### 4.2 Trustee's fees.
Trustee's fees are governed by statute and are subject to change during the case. Pursuant to current statutes, a monthly payment of $478.20 is to be made for the next 36 months

### 4.3 Attorney's fees.
Pro se debtor; no attorney representation. No attorney's fees apply
No flat fee paid; $0 to be paid through the plan.
No fees or costs incurred exceeding any flat fee arrangement. No additional fees apply.
Fees and costs exceeding the flat fee shall be paid from funds held by the Trustee as an administrative expense after application to and approval by the Court, pursuant to 11 U.S.C. §330(a)(4) and Bankruptcy Rule 2016 unless otherwise ordered by the Court.

### 4.4 Unsecured domestic support obligations. *Check one.*

☒None. If "None" is checked, the rest of this subsection need not be completed and may be collapsed/omitted.

☐ Debtor(s) has a domestic support obligation and is current with this obligation and will remain current on this obligation.

☐ Debtor(s) has a domestic support obligation that is not current and will be paying arrears through the Plan. *Complete table below.*

| Name of Recipient | Arrears as of Petition Date, if any |
|---|---|
|  |  |
|  |  |

### 4.5 Other unsecured priority claims, including tax claims.

| Name of Creditor | Arrears as of Petition Date |
|---|---|
| Dept. of Treasury, IRS | $4,745.00 |
| NYS Dept of Tax of Finance | $460.53 |
|  |  |

### PART 5: EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☒None. If "None" is checked, the rest of this section need not be completed and may be collapsed/omitted.

☐ Executory contracts and unexpired leases as listed below:

### 5.1 Assumed.

| Name of Creditor | Description of Property | Current Installment Payment by Debtor(s) | Arrears as of Petition Date |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

### 5.2 Rejected.

| Name of Creditor | Property Description |
|---|---|
|  |  |
|  |  |
|  |  |

## PART 6: NONPRIORITY, UNSECURED CLAIMS

**6.1 Allowed nonpriority, unsecured claims shall be paid *pro rata* from the balance of payments made under this Plan.** *Check one.*

☐ Not less than 100% of the total amount of these claims.

☒ Pro rata from the funds remaining after disbursement have been made to creditors provided for in this plan.

## PART 7: MISCELLANEOUS

**7.1** Post-petition payments including, but not limited to mortgage payments, vehicle payments, real estate taxes, income taxes, and domestic support  obligations are to be made directly by the Debtor(s) unless otherwise provided for in the plan.

**7.2** Throughout the term of this Plan, the debtor(s) will not incur post-petition debt over $2,500.00 without written consent of the Trustee or by order of the Court.

**7.3** The Debtor(s) shall not sell, encumber, transfer, or otherwise dispose of any real or personal property with a value of more than $5,000.00 without Court approval.

## PART 8: NONSTANDARD PLAN PROVISIONS

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a  provision not otherwise included in the form plan or deviating from it. Nonstandard provisions set out  elsewhere in this plan are ineffective.*

**The following plan provision will be effective only if there is a check in the box "included" in §1.3.**

In accordance with Rule 3015(c) of the Federal Rules of Bankruptcy Procedure, the debtor proposes the following nonstandard provisions to safeguard real estate properties, including the primary residence and one investment property generating rental income:

**Primary Residence Exemption:** The debtor seeks to exempt the primary residence located at **38 W Avon Avenue, Irvington, NJ. 07111** from the liquidation process, as allowed by applicable New York state exemption laws.

**Investment Property Preservation:** For the investment property located at **873 South 19th Street, Newark, NY 07108**, which is generating rental income, the debtor proposes a provision to preserve equity and maintain the existing rental agreements to sustain income for the benefit of the bankruptcy estate

## PART 9: CERTIFICATION AND SIGNATURES

I/we do hereby certify that this plan does not contain any nonstandard provisions other than those set out in the final paragraph.

_____
Signature of Debtor 1

Dated: 2/1/2024

_____
Signature of Debtor 2

Dated: _____

_____
Signature of Attorney for Debtor(s)

Dated: _____

By signing this document, the Debtor(s), if not represented by an attorney, or the Attorney for the Debtor(s) certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to the pre-approved Form Plan pursuant to Local Rule 3015-1 of the United States Bankruptcy Court for the Southern District of New York and contains no nonstandard provisions other that those set out in Part 8.

_____
Signature of Attorney for Debtor(s)

Dated: _____

By signing this document, the Debtor(s), if not represented by an attorney, or the Attorney for the Debtor(s) certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to the pre-approved Form Plan pursuant to Local Rule 3015-1 of the United States Bankruptcy Court for the Southern District of New York and contains no nonstandard provisions other that those set out in Part 8.