UNITED STATES BANKRUPTCY COURT
~~EASTERN~~ DISTRICT OF NEW YORK
SOUTHERN ---------------------------------x

In re:

    Mark Haynes

Debtor(s)

Case No. 23-11977
Chapter: 13

----------------------------------------------------------x

## OPPOSITION TO DEBTOR'S CROSS MOTION TO VACATE THE AUTOMATIC STAY

STATE OF NEW YORK          )

COUNTY OF NEW YORK      ) ss:

FILED
U.S. BANKRUPTCY COURT
S.D.N.Y.
2024 FEB 22  A 10: 52

MARK HAYNES, debtor pro se, hereby submits this affidavit in opposition to creditor's

motion to be relieved from the automatic stay:

1.  I am the Respondent Pro se in the above referenced Petition and as such I am
    familiar with the facts in this matter.

**The Applicable Standard**

2.  Bankruptcy Rule 4001 states as follows: Automatic stay is defined in two
    parts: The "automatic" is in reference to the injunction that would
    prohibit most creditor collection activities, after
    the debtor has filed for bankruptcy. The "stay" begins at the moment the
    bankruptcy petition is filed, however, secured creditors may petition for relief
    from the automatic stay under §4001 of the Federal Rules of Bankruptcy
    Procedure

3.  Under §362(d)(1) of the United States Bankruptcy Code, a secured creditor can
    request to lift automatic stay if they think that their interest in collateral is not
    adequately protected. To succeed on the motion, the creditor has to either
    demonstrate that their interest in collateral is not adequately protected and  the
    value of the collateral is going down or that the debtor has no equity in
    the property and the property is not necessary for reorganization.

4.  The legislative history show a clear congressional intent in favor of the broad
    application of the automatic stay to preserve the status quo ante as of bankruptcy
    petition date, to insure the orderly administration of the estate and prevent a race
    among creditors to seize assets. An excellent discussion of the effect of the
    automatic stay and the policies underlying it is set forth *in In re Ionosphere Clubs,
    Inc., 922 F.2d 984 (2d Cir. 1990), cet. denied, Air Line Pilots Ass'n Intern., AFL-*

*CIO v Shugre, 502 U.S. 808, 112 S. Ct. 50, 116 L. Ed. 2d 28 (1991).* **See *In re AP Industries, Inc., 117 B.R. 789 (Bankr. S.D.N.Y. 1990)* (The automatic stay halts the continuation of judicial and other actions proceedings or claims that were commenced against debtor prior to bankruptcy filing; prevents creditors from reaching assets of debtor's estate piecemeal; and preserves debtor's estate so that all creditors and their claims can be assembled in bankruptcy court in a single organized proceeding)**

## PRELIMINARY STATEMENT

5. Debtor has been a tenant of the Lakeview Apartments, a low income housing development in Harlem, located at 4 East 107th Street, Apt 15B, New York NY 10029, since 2003.

6. Additional occupants in the unit since 2003 include my two daughters, Cydney and Courtney, who are now 20 and 17 years old respectively and their caretaker. My children were literally born and raised at the Lakeview Apartments.

## FACTURAL BACKGROUND

7. Debtor has always recertified for the HUD unit over the years and received a new lease every year. In 2018 Debtor had a spike in income due to a large government contract procured by my employer. As a result, debtor's rent jumped up to $1905 (with no HUD subsidy) which was considered market value rent, which debtor paid.

8. In 2019, when it was time to recertify debtor was late due to late tax return filing. When debtor went to the management office to recertify the landlord refused to allow me to submit my re-certification papers because they were late, in violation of HUD regulations. Landlord refused to renew my lease and informed me that my rent would be $3770. **EXHIBIT A**

9. Debtor has been in an ongoing dispute with creditor since 2019. The following are the rent rates that I was assessed over the 18 years: 2003 - 2009 - **$769**; 2009 - 2018 - **$893**; 10/1/2018 - 9/30/2019 - **$1905**; 10/1/2019 - 9/30/2020 - **$3770.** The current is now **$3911.**

10. On March 6, 2020 Landlord commenced summary proceeding in the Civil Court, New York County, Housing Part entitled: *Fifth and 106th Associates v Mark Haynes,* **Index# L&T 054860/20** which they never served on Defendant. Allegedly due to the federal and state moratorium due to COVID-19 epidemic. **EXHIBIT B**

11. On March 23, 2021 debtor filed a rent overcharge complaint with NYS HOMES AND COMMUNITY RENEWAL. **EXHIBIT C**

12. Debtor was encouraged by management to participated in the Emergency Rental Assistance Program (ERAP). Debtor filed their portion of the application on or about September 2021. Landlord filed their rent request at the inflated amount to the federal government and received funds for unpaid rent payments in the amount of $56,715 on or about April 19, 2022. **EXHIBIT D**

13. Upon information and belief, on February 3, 2022 the landlord commenced an action in New York State Supreme Court New York County entitled: *Fifth and 106th Associates v Mark Haynes,* **Index# 151063/22 EXHIBIT E.** Defendant filed an Answer, Affirmative Defenses and Counter claims. **EXHIBIT F**

14. In the landlords complaint they omit the fact that there was a pending ERAP payment.

15. The landlord abandoned the Supreme Court action and on November 7, 2022 the landlord commenced summary proceeding in the Civil Court, New York County,

Housing Part entitled: *Fifth and 106th Associates v Mark Haynes*, **Index# L&T 317051/22. EXHIBIT G**

16. Debtor sought injunctive relief and consolidation of both cases from Supreme Court. After a hearing on the matter on October 11, 2023 THE HONORABLE JUDGE ALEXANDER TISCH decided to let cases run concurrently. In addition, the landlord admitted that there may need to be adjustments in the rent amounts. **EXHIBIT H**

17. In fact, while we were in Supreme Court on October 11, 2023, an Order to Show Cause hearing, landlords attorneys had submitted a Warrant Requisition and Final Order of Eviction without debtor's knowledge. **EXHIBIT I**

## IN SUPPORT OF OPPOSITION TO CROSS MOTION

18. Debtor has not had a new lease since October 1, 2018. Upon information and belief, I would be considered a month to month tenancy.

19. On November 17, 2023, after a hearing in Civil Court, the property manager asked did I want to stay or leave and settle. Debtor spoke with my daughters and other family members, who were all weary of this protracted struggle, about moving. My daughters no longer felt comfortable about living in the apartment. **EXHIBIT J**

20. Since I was not skilled in negotiating a settlement, I retained counsel, Adam Kalish, Esq. to handle the negotiations for me. **EXHIBIT K**

21. After it became clear that the attorney's for the landlord were not really interested in any reasonable settlement debtor made the decision to seek relief through the bankruptcy Court. **EXHIBIT L**

22. Debtor's LT attorney strongly suggested that we vacate the premises on or before December 31, 2023 so that we would accrue any post petition rent. Debtor moved over the New Years Eve weekend. Initially, building management blocked my movers. Mr. Kalish contact landlord attorney's and we were then allowed to let them in. See moving charges and correspondence between Mr. Kalish and landlord attorney. **EXHIBIT M**

23. On or about January 4, 2024 Mr. Kalish notified landlord attorney's that he received the keys from debtor on December 31, 2023 and requested a surrender letter and where he should deliver the keys. Landlords attorney refused to accept. See correspondence attached. **EXHIBIT N**

## CONCLUSION

24. The Court, in determining whether to grant relief from stay, relies upon: (1) the Bankruptcy Code's provision that provides relief from the automatic stay for cause; and, (2) the applicable factors to determine whether to modify the stay to permit litigation against Debtor in another forum.

**Section 361(d)(1):** "for cause", other than lack of adequate protection §362(d)(1) of the Bankruptcy Code, governs Movant's request for relief. Because the Bankruptcy Code does not define "cause", relief from stay for cause is a discretionary determination courts make on a case-by-case basis. *In re Carbaugh, 278 B.R. 512, 525 (B.A.P. 10th Cir. 2002)* The bankruptcy court has the power to modify or vacate the stay based on "the particular circumstances of the case and is to be guided by considerations that under the law make for the ascertainment of what is

just to claimants, the debtor, and the estate. *Foust v Munson Steamship Lines, 299 U.S. 77, 83, 57 S.Ct. 90, 93, 81 L.Ed. 49 (1936)*

25. Debtor vacated the apartment on December 31, 2023 and turned over the apartment keys to my attorney. Debtor, after the landlord continued to play "dodge ball", by refusing to accept the keys from debtor's attorney, I retrieved them from Mr. Kalish and hired a process server who delivered the keys to the management office on January 29, 2024. Video delivery is available upon request. **EXHIBIT O**

26. The landlord is an unsecured creditor.

27. Creditor does not lack adequate protection because the apartment was returned to landlord.

28. Debtor does not owe post petition payments to landlord. However, debtor has made pre-Plan Confirmation payments to the Chapter 13 Trustee in January and February 2024.

29. The automatic stay is one of the fundamental debtor protections provided under the Bankruptcy Code. The automatic stay fulfills two goals: 1) to prevent the diminution or dissipation of the assets of the debtor's estate during the pendency of the bankruptcy case; and, 2) to enable a debtor to avoid the multiplicity of claims against the estate arising in different forums. With respect to lawsuits, the policy of the automatic stay is to protect the debtor's estate from "the chaos and wasteful depletion resulting from multifold, uncoordinated and possibly conflicting litigation."

30. Lastly, the Court recently approved debtor's motion to transfer the Chapter 13 case to the State where debtor now resides in New Jersey. In New York the courts require the parties to appear in person while Bankruptcy court hearings are all remote. It would be a hardship for Debtor to appear in a New York City court when the creditor can mitigate any perceived loss in the current venue through an adversary proceeding. **EXHIBIT P**

WHEREFORE, Debtor prays that this Court grants the relief sought to deny creditor's motion to be relieved from the automatic stay and such other and further relief as this Court deems just, necessary, and proper.

DATED: February 21, 2024

MARK HAYNES, Debtor Pro se

Sworn before me on this

22 day of February 2024

NOTARY PUBLIC

DHARAM DAVE SINGH
Notary Public - State of New York
NO. 01SI6349428
Qualified in Queens County
My Commission Expires Oct 17, 2024

TO: **TRUSTEE**

Thomas C. Frost

Chapter 13 Standing Trustee

399 Knollwood Rd

Suite 102

White Plains, NY 10603

914-328-6333

**U.S. TRUSTEE**

Office of the United States Trustee - NY

Alexander Hamilton Custom House

One Bowling Green, Room 534

New York, NY 10004-1408

212) 510-0500

ROSE AND ROSE

Dean Dbreiblatt, Esq

Attorney foe Fifth and 106th St. Associates

291 Broadway, 13th Floor

New York, NY 10007

FILED
U.S. BANKRUPTCY COURT

2024 FEB 22  A 10: 53

S.D.N.Y.

# EXHIBIT A

Mark Haynes
4 E 107th St., Apt. 15B
New York, NY 10029
December 14, 2022

Lakeview Apartments
1250 5th Ave
New York, NY 10029-4438

Subject: Recertification Concerns and Issues

To whom it may concern,
I am writing this letter for you to assist me so that I can go forward and make the necessary payments toward my apartment. For years I have contested that the hugely increased rent was an error that needed to be corrected and no one was willing to assist me. I have made several attempts requesting the information and the formula that was used to calculate my overly increased rent and a copy of my entire file from the years that led up to me now paying the market value price for the same space that I lived in for the past 18 years. Both requests were denied by your office with no explanation.

Today I am writing this letter, again to request a copy of everything in my file and the formula that was used originally to calculate my monthly rent. I am seeking your assistance in correcting this error. I am again stating in this letter that the error needs to be corrected from all the previous years till current. I do wish to go forward to complete the recertification process.

Please let me know what you need from me in order for us to complete this process once and for all. I thank you for your time. If you need me you can reach me at 917-498-0646 or at quellb1@yahoo.com.

Sincerely,

Mark Haynes

Mark Haynes
4 E 107th St., Apt. 15B
New York, NY 10029
December 14, 2022

Lakeview Apartments
1250 5th Ave
New York, NY 10029-4438

ATTN: Nicola McCalmon, Property Manager / Agent for Owner

Dear Ms.McCalmon,

I am writing this letter for you to assist me so that I can go forward and make the necessary payments toward my apartment. For years I have contested that the hugely increased rent was an error that needed to be corrected and no one was willing to assist me. I have made several attempts requesting the information and the formula that was used to calculate my overly increased rent and a copy of my entire file from the years that led up to me now paying the market value price for the same space that I lived in for the past 18 years. Both requests were denied by your office with no explanation.

Today I am writing this letter, again to request a copy of everything in my file and the formula that was used originally to calculate my monthly rent. I am seeking your assistance in correcting this error. I am again stating in this letter that the error needs to be corrected from all the previous years till current. I do wish to go forward to complete the recertification process.

Please let me know what you need from me in order for us to complete this process once and for all. I thank you for your time. If you need me you can reach me at 917-498-0646 or at quellb1@yahoo.com.

Sincerely,

Mark Haynes

...y I am writing this letter, again to request a copy of everything in my f... used originally to calculate my monthly rent. I am seeking your assistance again stating in this letter that the error needs to be corrected from all the wish to go forward to complete the recertification process.

Please let me know what you need from me in order for us to complete th thank you for your time. If you need me you can reach me at 917-498-06...

Sin...



U.S. Postal Service
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com

New York, NY 10024

Certified Mail Fee $4.00
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required          $
☐ Adult Signature Restricted Delivery $

Postage
$ $0.00

Total Postage and Fees
$ $4.00

Postmark
Here

12/17/2022

Sent To  Lake View Apt
Street and Apt. No., or PO Box No.  1250 Fifth Ave, NY, NY 10029
City, State, ZIP+4®  ATTN Recertification/Mgmt

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7022 2410 0000 8721 4453

First-Class Mail®
Letter
New York, NY 10029
Weight: 0 lb 0.30 oz

...e let me know what you n... ...u for your time. If you need ... you can reach ...

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®

New York, NY 10029

| | |
|---|---|
| Certified Mail Fee | $4.00 |
| | 0029 |
| Extra Services & Fees (check box, add fee as appropriate) | $0.00 |
| ☐ Return Receipt (hardcopy) | $ $0.00 |
| ☐ Return Receipt (electronic) | $ $0.00 |
| ☐ Certified Mail Restricted Delivery | $ $0.00 |
| ☐ Adult Signature Required | $ $0.00 |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | $0.60 |
| $ | |
| Total Postage and Fees | $4.60 |
| $ | |

Postmark Here

12/17/2022

Sent To _Lake View Apt_

Street and Apt. No., or PO Box No. _1250  Fifth Ave  NY NY  10029_

City, State, ZIP+4® _Attn:  Nicola McCalmon_

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

First-Class Mail®

**UNITED STATES POSTAL SERVICE**

ANSONIA
178 COLUMBUS AVE
NEW YORK, NY 10023-9998
(800)275-8777

12/17/2022                                01:06 PM

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| First-Class Mail® Letter | 1 | | $0.60 |
| New York, NY 10029 | | | |
| Weight: 0 lb 0.30 oz | | | |
| Estimated Delivery Date | | | |
| Mon 12/19/2022 | | | |
| Certified Mail® | | | $4.00 |
| Tracking #: | | | |
| 70222410000187214953 | | | |
| **Total** | | | **$4.60** |
| First-Class Mail® Letter | 1 | | $0.60 |
| New York, NY 10029 | | | |
| Weight: 0 lb 0.30 oz | | | |
| Estimated Delivery Date | | | |
| Mon 12/19/2022 | | | |
| Certified Mail® | | | $4.00 |
| Tracking #: | | | |
| 70222410000187214946 | | | |
| **Total** | | | **$4.60** |
| Garden Corsage | 1 | $0.84 | $0.84 |

-------------------------------------

Grand Total                               $10.04

---------

Credit Card                               $10.04
    Card Name: VISA
    Account #: XXXXXXXXXXXX6949
    Approval #: 004615
    Transaction #: 032
    AID: A0000000980840          Chip
    AL: US DEBIT
    PIN: Not Required

-------------------------------------

Text your tracking number to 28777 (2USPS)
to get the latest status. Standard Message
and Data rates may apply. You may also
visit www.usps.com USPS Tracking or call
1-800-222-1811.

In a hurry? Self-service kiosks offer
quick and easy check-out. Any Retail
Associate can show you how.

Preview your Mail
Track your Packages
Sign up for FREE @
https://informeddelivery.usps.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

Tell us about your experience.
Go to: https://postalexperience.com/Pos
or scan this code with your mobile device.



or call 1-800-410-7420.



FILED
U.S. BANKRUPTCY COURT

2024 FEB 22  A 10: 53

S.D.N.Y.

# EXHIBIT B

L & T Index No. _____ 2020

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK, HOUSING PART

FIFTH AND 106TH ST. ASSOCIATES, L.P
-against-                    Petitioner(s)-Landlord(s)

MARK HAYNES
                            Respondent-Tenant

-address-

4 EAST 107TH STREET
APT. 15B
NEW YORK, NY 10029

Amount Claimed: $33,116.00

A02 -131 -15B                 FILE NO:32503

## PETITION NON-PAYMENT DWELLING

Notice of Petition served on _____

Notice of Petition returned on _____

Notice of Petition issued on _____

Tenant appears on _____ but fails to answer.

Tenant answers on _____

Answer is _____

Set for Trial on _____

Landlord notified on _____

Sufficiency of answer referred

to court _____

Raises _____ Issue/age

_Attorney for Petitioner_

ROSE & ROSE
Attorneys at Law
291 BROADWAY, 13th Floor
NEW YORK, NY 10007
Phone: (212) 349-3366

---

THE PETITION OF FIFTH AND 106TH ST. ASSOCIATES, L.P, the Owner/landlord alleges, upon Information and Belief:

1. Petitioner(s) is(are) the landlord(s) and owner of the premises.

2. Respondent(s) MARK HAYNES, is(are) tenant(s) in possession of said premises pursuant to a(n) WRITTEN lease agreement wherein respondents promised to pay to landlord or landlord(s) predecessor as rent $3,781.00 each month in advance on the 1ST day of each month.

3. Respondent(s) are now in possession of said premises.

4. The premises are the residence of the tenant(s) and the undertenant(s) herein.

5. The premises for which removal is sought was rented for Dwelling purposes and are described as follows: All Rooms, Apartment # 15B in the building known as 4 East 107th Street New York, NY 10029, situated within the territorial jurisdiction of this Court.

6. Pursuant to said agreement there was due from respondent tenant(s), the sum of $33,116.00 in rent and additional rent as follows:

Mar 20   $3,781.00   Jul 19   $3,030.00
Feb 20   $3,781.00
Jan 20   $3,781.00
Dec 19   $3,781.00
Nov 19   $3,781.00
Oct 19   $3,781.00
Sep 19   $3,700.00
Aug 19   $3,700.00

7. THE APARTMENT IS NOT SUBJECT TO THE NYC EMERGENCY HOUSING RENT LAW OR THE RENT STABILIZATION LAW OF 1969 AS AMENDED BECAUSE SAID PREMISES ARE SUBJECT TO SECTION 8 AS REGULATED BY THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT.

8. Respondent has failed to pay rent within 5 days of the date on which rent became due pursuant to the parties rental agreement. Thereafter, petitioner notified respondent by certified mail that it had not received such rent.

9. Said rent has been demanded from the tenant since same became due by a fourteen day written-notice, a copy of which, with proof of service is annexed hereto.

10. Respondent(s) have defaulted in the payment thereof and continue in possession of premises without permission after said default.

11. The premises are a multiple dwelling and pursuant to the Housing Maintenance Code Article 41 there is a currently effective registration statement on file with the Office of Code Enforcement which designates the managing agent named below a natural person over 21 years of age, to be in control of and responsible for the maintenance and operation of the dwelling.   Multiple Dwelling No. 139938
AGENT:MELANIA CINQUE 1310 WEST FARMS ROAD BRONX, NY 10459

WHEREFORE Petitioner requests a final judgment against respondent(s) for the rent demanded therein, awarding possession of the premises to the petitioner landlord, and directing the issuance of a warrant to remove respondent(s) from possession of the premises together with the costs and disbursements of this proceeding.

Dated March 6, 2020

FIFTH AND 106TH ST. ASSOCIATES, L.P.

STATE OF NEW YORK, COUNTY OF NEW YORK. The Undersigned affirms under penalty of perjury that he is one of the attorneys for the FIFTH AND 106TH ST. ASSOCIATES, L.P. of NEW YORK, COUNTY OF NEW YORK and knows the contents thereof; that the same are true to his own knowledge except as to matters stated to be upon information and belief, and as to those matters he believes them to be true. The grounds of his belief as to matters not stated upon petitioner, that the has read the foregoing petition and knows the contents thereof; that the same are true to his own knowledge except as to matters his knowledge are statements and/or records provided by the petitioner, its agents and/or employees and contained in his file in the Attorney's office Petitioner is not in the County in which Attorney's office is located. This verification is made pursuant to the provisions of RPAPL.

PETER A. ROSE

March 6, 2020

L & T Index # LT 54860 2020

Civil Court of The City of New York
County of NEW YORK Housing Part

FIFTH AND 106TH ST. ASSOCIATES, L.P

*Petitioner (Landlord),*

*against*

MARK HAYNES

*Respondent (Tenant)*

Address

4 EAST 107TH STREET
APT. 15B
NEW YORK, NY 10029

Amount Claimed : $33,116.00
JA02 -131 -15B        FILE NO: 32503

## NOTICE OF NON-PAYMENT PETITION
### DWELLING

---

CIVIL COURT OF CITY OF NEW YORK
COUNTY OF NEW YORK HOUSING PART

FIFTH AND 106TH ST. ASSOCIATES, L.P

*Petitioner (Landlord),*

*against*

MARK HAYNES

*Respondent (Tenant)*

Address

4 EAST 107TH STREET
APT. 15B
NEW YORK, NY 10029

Index No. L/T

**IMPORTANT TO TENANT**
If you are dependent upon a person in the military service of the United States or the State of New York, advise the Clerk immediately, in order to protect your rights.

### NOTICE OF NON-PAYMENT
PETITION DWELLING

Petitioner's Business Address:
60 CUTTER MILL ROAD
SUITE 200
GREAT NECK, NY 11021

**Your landlord is suing you for nonpayment of rent.** Your landlord claims you owe. The landlord's reasons

1.  Your landlord has started an eviction nonpayment case against you for rent the landlord claims you owe. The landlord's reasons are given in the attached Petition.
2.  Your landlord is asking this Court for:
    *   a money judgment for $33,116.00, and
    *   permission to evict you from your home if you do not pay the money judgment.
3.  You have a right to a trial. But first you must answer the Petition by going to the landlord-tenant Clerk's office at:
    111 Centre Street, New York, NY 10013.
    You must do this within **10 days** after the date these papers were given to you or a person who lives or works in your home, or were posted at your home at:

All Rooms, Apt. 15B located at 4 East 107th Street, New York, NY 10029, County of New York, City and State of New York.

**Warning:** If you don't answer the Petition within 10 days, a judgment may be entered against you. If that happens, the landlord will have the right to evict you.
4.  Your Answer should say the legal reasons that you don't owe all or part of the rent. The legal reasons are called defenses. You can also say any claims you have against the landlord. You will have to prove your defenses and claims in court. To answer the Petition, you must either:
    *   Go to the landlord-tenant Clerk's office and tell the Clerk your Answer, or
    *   Give the landlord-tenant Clerk your Answer in writing (Form No. Civ-LT-91a).

Information to help you answer the Petition (Form No. Civ-LT-91) is available at the landlord-tenant Clerk's Office or online at nycourts.gov/housingnyc.

**Important!** If you don't tell the Clerk about a defense in your Answer you might not be able to talk about it later in this case or any other case.
5.  When you answer the Petition, you will get a date to come back to Court 3 to 8 days later. You have a right to postpone that date for 14 days but you have to come to the courthouse to ask for a postponement. If you pay all the rent due before your court date, the case will be dismissed.
6.  If your name is not in this Notice, but you live in the home listed above, you have a right to come to Court and answer the Petition.

# FOURTEEN DAY NOTICE
## TO COMMENCE EVICTION PROCEEDINGS

**MARK HAYNES**
**4 EAST 107TH STREET**
**Apartment 15B**
**NEW YORK, NY 10029**

**PLEASE TAKE NOTICE** that you are hereby required to pay FIFTH AND 106TH ST. ASSOCIATES, L.P, landlord of the above described premises, the sum of $29,335.00 for rent of the premises.

```
FEB20  $3,781.00
JAN20  $3,781.00
DEC19  $3,781.00
NOV19  $3,781.00
OCT19  $3,781.00
SEP19  $3,700.00
AUG19  $3,700.00
JUL19  $3,030.00
```

You are required to pay within fourteen days from the day of service of this notice, or give up possession of the premises to the landlord. If you fail to pay or give up possession of the premises, the landlord will commence summary proceedings against you to recover possession of the premises.

Your apartment is subject to the regulations of Department of Housing & Urban Development (HUD), and you are afforded an opportunity to discuss the proposed termination of your tenancy with the landlord within fourteen days from the dated service of this notice upon you. Please note, that this 14-day period does not extend your time nor affect your obligation to comply with the payment demanded hereunder within the said 14-day time period above mentioned.

This is advice to you, that failure to comply with the demands of this notice may result in eviction and termination of your assistance payments.

Continued

32503

# NOTIFICACION DE CATORCE DIAS PARA COMENZARPROCEDIMIENTP DE DESALOJO

**POR FAVOR SIRVASE TOMAR NOTA** de que usted es requerido, por este medio, de pagar a FIFTH AND 106TH ST. ASSOCIATES, L.P, duena de las propiedades ariba descritas por la suma de $29,335.00 por la renta de las propiedades.

```
FEB20 $3,781.00
JAN20 $3,781.00
DEC19 $3,781.00
NOV19 $3,781.00
OCT19 $3,781.00
SEP19 $3,700.00
AUG19 $3,700.00
JUL19 $3,030.00
```

Usted requirido de pagar dentro de catorce dias a continuacion de recibir esta nota, o entregar al dueno la posesion de dichas propiedades. Si usted falla en pagar o en entregar las propiedades, la duena de las propiedades se vera obligada a proceder legalmente para recuperar la posesion de dichas propiedades.

Su apartamento es sujetado a las reglars del departamento de viviendas y Desarrollo (Department of Housing and Urban Development - HUD) y durante los siguiente catorce dias comienzando con el recihiemento de esta notificacion, usted tiene la oportunidad de discutir con el casero la propuesta para terminar su residencia en el apartamento.

Por favor apunte que durante estos, catorce dias su tiempo para pagar no esta extendido ni en ningun modo afecta su obligacion a complir con el pago demandado en esta notificacion durante estos catorce dias.

Esto es para avisale que su fallo en no cumplir con la demanda en esta notificacion pude resultar en su desalojo y en la terminacion de su ayuda para pagos de renta.

Dated: February 7, 2020

BY: FIFTH AND 106TH ST. ASSOCIATES, L.P
Owner and Landlord

32503

**AFFIDAVIT OF SERVICE**

FIFTH AND 106TH ST ASSOCIATES. LP          Plaintiff

        against

**MARK HAYNES**          Respondent's

STATE OF NEW YORK, COUNTY OF NEW YORK   SS:

**Jack Markowicz,** being duly sworn, deposes and says: The deponent is not a party to this action and is over 18 years of age and resides in the State of New York.

That on **Feb 19, 2020 at 8:16 p.m.** at 4 EAST 107TH ST **Apt. 15 B,** N.Y. N.Y. 10029, I attempted to serve **MARK HAYNES** with copies of the with copies of the **14 DAY NOTICE TO COMMENCE EVICTION PROCEEDINGS** in this proceeding  I gained access to the building located the door of **Apt 15 B,** I met and served a person who was identified to be **MARK HAYNES** a person who is described as a black male approximately 35-45 years old weighing 190-220 lbs. with bald no hair, between  6'2"- 6'4" tall, approximately . Additional features: beard

Deponent also within one day thereafter, on **Feb 20, 2020** mailed a true copy of the **14 DAY NOTICE TO COMMENCE EVICTION PROCEEDINGS** enclosed in a postpaid properly addressed wrapper by first class mail and by certified mail to each Respondent at Respondent's last known place of abode within the state at
**4 EAST 107TH ST  Apt. 15 B, N.Y.  N.Y. 10029,**
I deposited these envelopes in a -U.S. Mail Box- an official depository under the exclusive care and custody of the United States Postal Service within New York State. The envelopes bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the recipient.

Sworn to before me on this
20th day Feb 2020

KRISTI LY-TURNER
NOTARY PUBLIC STATE OF NEW YORK
No 01TU6013037
Qualified in Richmond County
Comm. Exp. 9/8/22

JACK MARKOWICZ
License # 868800
ROSE & ROSE

32503

**FIFTH AND 106TH ST. ASSOCIATES, L.P**
c/o METROPOLITAN REALTY
60 CUTTER MILL ROAD SUITE 200
GREAT NECK, NY 11021

Date: 02/06/2020

By Certified Mail

MARK HAYNES
4 EAST 107TH STREET
APT. 15B
NEW YORK, NY 10029

RE: Rent not received by your landlord

Dear MARK HAYNES

Please take notice that your landlord, FIFTH AND 106TH ST. ASSOCIATES, L.P, has not received your rent payments within five days after the date specified for payment in your lease. Payment of $29,335.00 representing rent through February, 2020 has not been received within five days after the date specified for payment in your lease.

Very truly yours,
MITCHELL REITER





001869080

New York County Civil Court
111 Centre Street
New York, NY 10013

Mark Haynes
4 East 107th Street Apt# 15B
New York, NY 10029

## New York County Civil Court
### 646-386-5505

LT-054860-20/NY: Fifth and 106th St. Associates, L.P. v. Mark Haynes

### <u>Notice to Tenants to Answer</u>

Court records show that your landlord started a case against you for nonpayment of rent. You have the right to a trial, but first you must answer the petition. Under Governor Cuomo's Executive Order 202.72, you may have more time to answer the petition, but it is important that you answer as soon as possible so that you are not held in default and lose your right to trial. You can answer in any of three ways:

### 1. E-file an answer on NYSCEF
The New York State Electronic Filing System (NYSCEF) is now available for all Housing cases in New York City. You are encouraged to e-file your answer if you can. But first you must confirm that your case is available on NYSCEF. You can check online to see if your case is in the NYSCEF system at www.nycourts.gov/efile To prepare an answer for e-filing, you can use a free Civil Court form, or your own form. You may also be entitled to a free lawyer who can help with your case. Information to help you answer the petition is available online at www.nycourts.gov/housingnyc or you can call (718) 557-1379 for more information and to talk to a free lawyer. You can also contact the Court's virtual help center at (646) 386-5553 for assistance.

### 2. Give an oral answer over the phone
To answer orally, you may call the Court at the telephone number listed at the top of this notice and speak to a clerk who will fill out an answer form based on answers you give to questions. You should tell the clerk if you are in the military or a dependent of someone in the military and/or if the COVID-19 pandemic has affected your health or finances or those of someone in your household. After the clerk completes this form, they will read it back to you. You must listen to make sure that your answers were correctly taken by the clerk. If anything is not correct, tell the clerk. The clerk will send a copy of the answer to you. You must keep a copy of the completed answer form and have it available for when you are in front of the Judge.

### 3. Answer in-person at the courthouse
You can bring a copy of your written answer to the courthouse in-person, but you may not be able to get into the courthouse right away due to health and safety requirements. DO NOT WAIT UNTIL THE LAST MINUTE TO ANSWER IN-PERSON. Not being able to get into the courthouse may not be an excuse for failing to answer. When you answer the petition, you will get a date for virtual conference with the Judge. If you are unable to attend a virtual conference, you may call the Court at the phone number listed at the top of this notice to arrange an in-person conference.

FILED
U.S. BANKRUPTCY COURT
2024 FEB 22  A 10: 53
S.D.N.Y.

# EXHIBIT C



# Rent Overcharge Application

       

## Confirmation:

Confirmation Number: D132675B

**Building Address:**

Building Registration Number: **139938**

Building Address: **4 E 107TH ST NEW YORK NY 10029**

**Rental Information:**

Is this your current mailing address? **Yes**

My apartment is: **Rent Stabilized**

When did you move into your apartment? **03/01/2003**

I live in a co-op apartment/ condominium: **No**

Do you have Senior Citizen Rent Increase Exemption (SCRIE)? **No**

Do you have Disability Rent Increase Exemption (DRIE)? **No**

Do you have Section 8 benefits? **No**

Did you sign a lease at the start of the rental agreement? **Yes**

Written lease period: **03/01/2003 to 02/28/2004**

Number of years of the lease term: **1**

Written lease amount: **$769.00**

My current rent is: **$3,700.00**

Is electricity included in your rent? **Yes**

**Applicant Information:**

Select the option that applies to you: **Tenant**

Name of Applicant: **Mark Haynes**

Apartment Number: **16B**

Phone Number: **(917) 498-0646**

Email Address: **quellb1@icloud.com**

Confirmation Email Address: **quellb1@icloud.com**

Tenant Type: **Prime Tenant**

**Owner Information:**

Name of Owner **5th & 106th Street Associates LP**

Address of Owner: **4 East 107th Street New York NY 10029**

Phone Number of Owner: **(212) 427-0800**

**Complaint Information:**

I am filing a Rent Overcharge complaint for the following date range: **01/01/2003 to 12/31/2019**

Major Capital Improvement (MCI) Increase(s): **N/A**

Rent Reduction Order(s): **N/A**

Individual Apartment Improvements(IAI): **N/A**

Illegal Fees and/or Surcharges: **Yes**

Other: **Yes**

Parking Charges: **N/A**

Missing Apartment Registrations: **Yes**

Excessive Security Deposit: **N/A**

**Additional Information:**

**See attached statement**

Has the complaint in this application been raised in court? **No**

**Rental History Information:**

| Leasing Period From | Leasing Period To | Monthly Rent | Charged Additional Security Deposit? Indicate Amount |
|---|---|---|---|
| 10/01/2018 | 09/30/2019 | $1,905.00 | $1.00 |
| 07/01/2015 | 06/30/2016 | $893.00 | $1.00 |
| 09/01/2014 | 08/31/2015 | $893.00 | $1.00 |
| 07/01/2011 | 06/30/2012 | $893.00 | $1.00 |

**Rental Payments:**

| Year & Month | Rent Amount |
|---|---|
| 2021-03 | $0.00 |
| 2021-02 | $0.00 |
| 2021-01 | $0.00 |
| 2020-12 | $0.00 |
| 2020-11 | $0.00 |
| 2020-10 | $0.00 |
| 2020-09 | $0.00 |
| 2020-08 | $0.00 |
| 2020-07 | $0.00 |
| 2020-06 | $0.00 |
| 2020-05 | $0.00 |
| 2020-04 | $0.00 |
| 2020-03 | $0.00 |
| 2020-02 | $0.00 |
| 2020-01 | $0.00 |
| 2019-12 | $1,905.00 |
| 2019-11 | $1,905.00 |
| 2019-10 | $1,905.00 |

| Year & Month | Rent Amount |
|---|---|
| 2019-09 | $1,905.00 |
| 2019-08 | $1,905.00 |
| 2019-07 | $7,600.00 |
| 2019-06 | $0.00 |
| 2019-05 | $0.00 |
| 2019-04 | $1,900.00 |
| 2019-03 | $1,900.00 |
| 2019-02 | $1,900.00 |
| 2019-01 | $1,905.00 |
| 2018-12 | $0.00 |
| 2018-11 | $1,091.00 |
| 2018-10 | $1,091.00 |
| 2018-09 | $1,091.00 |
| 2018-08 | $1,091.00 |
| 2018-07 | $1,091.00 |
| 2018-06 | $1,091.00 |
| 2018-05 | $1,091.00 |
| 2018-04 | $1,091.00 |
| 2018-03 | $1,091.00 |
| 2018-02 | $1,091.00 |
| 2018-01 | $1,091.00 |
| 2017-12 | $1,091.00 |
| 2017-11 | $1,091.00 |
| 2017-10 | $1,091.00 |
| 2017-09 | $1,091.00 |
| 2017-08 | $1,121.00 |
| 2017-07 | $1,091.00 |
| 2017-06 | $1,091.00 |
| 2017-05 | $1,091.00 |
| 2017-04 | $1,091.00 |
| 2017-03 | $1,091.00 |
| 2017-02 | $1,121.00 |
| 2017-01 | $0.00 |
| 2016-12 | $1,091.00 |
| 2016-11 | $1,091.00 |
| 2016-10 | $1,091.00 |
| 2016-09 | $0.00 |
| 2016-08 | $1,091.00 |
| 2016-07 | $2,044.00 |
| 2016-06 | $894.00 |
| 2016-05 | $893.00 |
| 2016-04 | $923.00 |
| 2016-03 | $0.00 |
| 2016-02 | $1,846.00 |

| Year & Month | Rent Amount |
|---|---|
| 2016-01 | $1,091.00 |
| 2015-12 | $922.00 |
| 2015-11 | $893.00 |
| 2015-10 | $893.00 |
| 2015-09 | $1,517.00 |
| 2015-08 | $893.00 |
| 2015-07 | $893.00 |
| 2015-06 | $893.00 |
| 2015-05 | $893.00 |
| 2015-04 | $3,871.00 |
| 2015-03 | $0.00 |

**Attachment Information:**

| File Name | Size | Attachment Type |
|---|---|---|
| HOMES AND COMMUNITY RENEWAL COMPLAINT STATEMENT-converted.pdf | 9732 Bytes | Other |
| EXHIBIT D.pdf | 2947815 Bytes | Proof of Payments |
| EXHIBIT E.pdf | 2976733 Bytes | Proof of Payments |
| EXHIBIT F.pdf | 3480366 Bytes | Proof of Payments |
| EXHIBIT G.pdf | 3047731 Bytes | Proof of Payments |
| EXHIBIT H.pdf | 2567130 Bytes | Proof of Payments |
| EXHIBIT I.pdf | 2722696 Bytes | Proof of Payments |
| EXHIBIT J.pdf | 1093715 Bytes | Other |
| EXHIBIT K.pdf | 613792 Bytes | Other |
| EXHIBIT L.pdf | 2538945 Bytes | Other |
| EXHIBIT A.pdf | 4302156 Bytes | Leases |
| EXHIBIT B.pdf | 4713769 Bytes | Leases |
| EXHIBIT C.pdf | 4589024 Bytes | Leases |

**Affirmation:**

I have read the information entered on this application and I affirm that this application, to the best of my knowledge, information and belief, is true, accurate and complete. I understand and agree that the entry of my name below by electronic means constitutes my signing and filing this application. I further affirm that I am the tenant of the subject premises, or that I am the authorized representative of the tenant of said premises and that I am authorized to sign and file this application with the New York State Division of Housing and Community Renewal.

I further understand that making a false statement herein, knowing such statement to be false, and/or offering such false statement for filing are each class A misdemeanors pursuant to the Penal Law of the State of New York (sections 210.45 and 175.30).

Name of Affirming Individual: **Mark Haynes**

Date: **03/23/2021**

Your transaction is complete.**Please print this receipt for your records.**

As there may be a subsequent dispute as to whether this filing was made, you are advised to obtain and keep evidence of this filing with DHCR, such as a copy of this receipt with the confirmation number.

- This filing will be assigned a DHCR docket number and an electronic copy of this filing will be retained by DHCR.
- You will receive written acknowledgement from DHCR that references the assigned docket number.

Rent Connect-New York State Homes and Community Renewal

Print Receipt

Exit

# HOMES AND COMMUNITY RENEWAL
## RENT OVERCHARGE APPLICATION
### FOR MARK HAYNES, TENANT
### 4 EAST 107TH STREET, 15B, NY, NY 10029

## Additional Information:

1. I, Mark Haynes, am the primary tenant and occupant of the referenced apartment since 2003, also known as the Lakeview Apartments, a low income housing development in Harlem.

2. Additional occupants in the unit since 2003 include my two daughters, Cydney and Courtney, who are now 17 and 14 years old respectively and their caretaker. My children were literally born and raised at the Lakeview Apartments

3. My rent is determined and subsidized by the Housing and Urban Development (HUD). I am required to submit income documentation annually (re-certify) to determine my rent rate.

4. The following are the rent rates that I was assessed over the 18 years: 2003 - 2009 - **$769**; 2009 - 2018 - **$893**; 10/1/2018 - 9/30/2019 - **$1905**; 10/1/2019 - present - **$3770**

5. Due to your Complaint guidelines I can only due a six year look back. I have started with the last year that I have paid rent, 2019 - 2013. Unfortunately, I was could only find three (3) leases - 9/1/2014- 8/31/2015; 7/1/2015 - 6/30/2016 (NOTE: commencement date should have been 9/1/2016); 10/1/2018 - 9/30/2019. The former 2 leases were renewed at the same rent rate of $893. See **EXHIBIT A - C**

6. I have provided cancelled checks for rent payments for the following years: 2019; 2018; 2017; 2016; 2015; & 2014. See **EXHIBIT D - I**. I have requested the bank to retrieve my 2013 bank statements from their archives, if possible.

7. Although I believe that there has been a historical pattern of being charged unnecessary fees and surcharges, my complaint focuses on the six(6) year look back

8. During the period 2013 - 2017 my rent rate was $893 however management was charging nearly an additional $200 in fees.

9. In 2018 my income increased and upon recertification the rate doubled to $1905. I paid it.

10. At the conclusion of my last lease (9/30/2019), I was late in submitting my recertification papers. When I received my tax return from my tax preparer I went to submit to the management office and they refused to accept it and I was told that I am no longer eligible to recertify for rent relief.

11. Management has refused to give me a lease and has been charging me $3700 for rent. I stopped paying rent, at the last lease rate, after 12/1/2019. My income has subsequently gone done in 2019 and 2020. Management refuses to recertify me.

12. On or about February 15, 2020 I was served with a 14 Day Notice to Commence Eviction Proceedings which stated that I owe **$29,335** in rent arrears. See **EXHIBIT J**. I was never served with a Notice of Petition or Petition for non payment through the Court.

13. On or about February 16, 2021 I received another 14 Day Notice to Commence Eviction Proceedings which stated that I owe **$74,827** in rent arrears. **EXHIBIT K.** I have not been served with a Notice of Petition or Petition for non payment through the Court.

14. Upon information and belief, Lakeview Apartments is subject to NYS Rent Stabilization Laws as per Fact Sheet #26. However, my apartment was never registered with DCHR until 2/1/2019 (RIGHT BEFORE THE 14 DAY NOTIVE WAS SERVED). The registration states that the market value on my two (2) bedroom apartment is **$7400.** See **EXHIBIT L**

Therefore, I am respectfully requesting Homes and Community Renewal to review the documents I am submitting to determine if I am entitled to a rent recoupment. Future, I am requesting that you expedite your review due to the pending eviction that will likely proceed when the State moratorium is lifted.

Respectfully

Mark Haynes

FILED
U.S. BANKRUPTCY COURT

2024 FEB 22  A 10: 53

S.D.N.Y.

# EXHIBIT D



**KATHY HOCHUL**
Governor

**BARBARA C. GUINN**
Acting Commissioner

November 6, 2023

***CONFIDENTIAL***

Part S, RM 1164B
Housing Court, Civil Court of the City of New York, New York County
111 Centre Street
New York, NY 10013
Attn: Jainey Samuel, Esq.

Dear Attorney Jainey Samuel:

The New York State Office of Temporary and Disability Assistance (OTDA) received a subpoena on October 24, 2023, which demands:

1. Certified copies of the Respondent's ERAP application and documents in support of Respondent's ERAP application submitted to OIDA (ERAP application ID: QJV1H) in connection with the apartment located at 4 East 107th Street, Apartment 104-ISB a/k/a 158, New York, New York 10029;

2. Certified copies of documents showing the amount of ERAP funds disbursed, the months for which ERAP funds were allocated, the date of disbursement, the party and address to whom ERAP funds were made, the date ERAP funds were deposited and by whom;

3. Certified copies of the ERAP approval correspondence to Respondent and Petitioner; and

4. Certified copies of the font and back of the cancelled check(s) in connection with the ERAP funds on behalf of Respondent (ERAP application ID: QJV1H).

After conducting a due diligence search, the custodian of records identified a set of additional documents subsequent to November 3, 2023, in relation to the subpoena request. Please note that these documents were discovered after the initial submission. Please be advised that pursuant to Section 6 of Subpart A of Part BB of Chapter 56 of the Laws of 2021, as amended by Chapter 417 of the Laws of 2021, and Division N, Title V, Subtitle A, Section 501 of the Consolidated Appropriations Act, and other applicable federal or State law or policy, Emergency Rental Assistance Program (ERAP) data is confidential. Please maintain the confidential character of the ERAP information that has been provided pursuant to this subpoena. Please also ensure that such information will be used only for the purposes for which it is being made available and that all necessary steps will be taken to limit access to this data to authorized individuals. Such information may only be used or disclosed in accordance with applicable State and federal laws, regulations, and policies.

Very truly yours,

Enoch Kun
Excelsior Fellow, Legal Affairs
p: (518) 474-9502
e: enoch.kun@otda.ny.gov

 **Office of Temporary and Disability Assistance**

**KATHY HOCHUL**
Governor

**BARBARA C. GUINN**
Acting Commissioner

STATE OF NEW YORK )
              ) SS:
COUNTY OF ALBANY )

**Certification of Business Records**

Kenneth Hackman, being duly sworn, deposes and says:

1. That I am the Temporary Assistance Specialist 2 for the New York State Office of Temporary & Disability Assistance (OTDA).

2. That I am the duly authorized custodian or other qualified witness and have authority to make this certification.

3. To the best of my knowledge, after reasonable inquiry, the records or copies produced represent all the documents described in the subpoena in my possession, custody, or control, which specifically requested:

    1. Certified copies of the Respondent's ERAP application and documents in support of Respondent's ERAP application submitted to OIDA (ERAP application ID: QJV1H) in connection with the apartment located at 4 East 107th Street, Apartment 104-ISB a/k/a 158, New York, New York 10029;

    2. Certified copies of documents showing the amount of ERAP funds disbursed, the months for which ERAP funds were allocated, the date of disbursement, the party and address to whom ERAP funds were made, the date ERAP funds were deposited and by whom;

    3. Certified copies of the ERAP approval correspondence to Respondent and Petitioner; and

    4. Certified copies of the font and back of the cancelled check(s) in connection with the ERAP funds on behalf of Respondent (ERAP application ID: QJV1H).

4. To the best of my knowledge, after reasonable inquiry, the records or copies produced represent all the documents described in the subpoena.

5. The records or copies produced were made by the personnel or staff of OTDA, or persons acting under their control, in the regular course of business, at the time of the act, transaction, occurrence or event recorded therein, or within a reasonable time thereafter, and that it was the regular course of business to make such records.

Date: 11/6/23

Kenneth Hackman
Temporary Assistance Specialist 2
NYS Office of Temporary & Disability Assistance

Sworn to before me this:
6th day of November, 2023

Notary Public – State of New York

**BONNIE WALKER**
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01KE6427536
Qualified in Rensselaer County
Commission Expires December 27, 2025

*You have received an important message from the New York State (NYS) Emergency Rental Assistance Program (ERAP).*

**Payment Date: 04/19/2022**

**Fifth & 106th Street Associates**
**4 east 107th street**
**new york, NY 10029**
**QJV1H**

Dear **Fifth & 106th Street Associates** ,

This letter confirms that the Emergency Rental Assistance Program Application **QJV1H** for **Mark Haynea** residing at **4 E 107th St Apt. 15B Manhattan, NY 10029 is approved and a payment has been scheduled. Payment will be made through direct deposit. If a payment cannot be made through direct deposit, then a payment by check is issued to the address provided on the W-9.**

The total rental amount scheduled to be paid to **Fifth & 106th Street Associates** for the rental address **4 E 107th St Apt. 15B Manhattan, NY 10029 is: $56,715.00**

The following is the total amount of rental arrears (back rent) to be paid per month:
**December 2020 - $3,781.00**
**January 2021 - $3,781.00**
**February 2021 - $3,781.00**
**March 2021 - $3,781.00**
**April 2021 - $3,781.00**
**May 2021 - $3,781.00**
**June 2021 - $3,781.00**
**July 2021 - $3,781.00**
**August 2021 - $3,781.00**
**September 2021 - $3,781.00**
**October 2021 - $3,781.00**
**November 2021 - $3,781.00**

The following is the total amount for prospective (future) rental payments to be paid per month:
**November 2021 - $3,781.00**
**December 2021 - $3,781.00**
**January 2022 - $3,781.00**

IMPORTANT NOTE: If as a Landlord/Property Owner participating in the program you provided a cumulative record of arrears (back rent), the months that appear on this notice may not match your monthly record. The ERAP payment shall be applied to reduce the total arrears due. The total ERAP arrears payment is the maximum arrears payment that you are eligible for but would not be more than the total arrears due as documented by you, the Landlord/Property Owner (up to a maximum of 12 months).

If you think this decision is wrong, you may appeal to have the decision reviewed.

**How to Appeal: You Can Appeal by Phone or Online**
If you want to appeal, you must do this within **thirty (30) days** of the date on this notification. **To appeal, please call 844-NY1-RENT (844-691-7368). For individuals who are hearing impaired, you may call the TTY number at 1-833-843-8829.** When you call, please ask to appeal and tell us why you think our decision was incorrect. A call center agent will help you to request an appeal. **To appeal online, please click HERE to complete the online form or go to https://otda.ny.gov/programs/emergency-rental-assistance/appeals.asp and click the link on that page to fill out the form.**

**You Can Submit Additional Information About Why You Think The Decision Is Wrong, But Additional Information Is Not Required.**
If you want to provide additional documentation about why you think the decision is incorrect, please click this link to upload the documents: https://nysrenthelp.otda.ny.gov/en/. Log in to your Owner Account. After logging in, navigate to the Landlord/Owner section, and under the Landlord/Owner Menu on the right-hand side of the page, click on "Upload Documents". Next, select your Owner Number/Legal Entity in the dropdown first dropdown menu. Then select the ERAP application number from the list of applications attached to your previously selected Owner Number/Legal Entity. Next, select "Appeal" from the Document Type dropdown menu. Then upload the appropriate document by clicking the "Select File" button below the Document Type dropdown menu. Now you will select the appropriate document from the pop-up window and click "Open". The file's title will appear below the "Select File" button. Lastly, complete a Captcha Validation by clicking the box next to "I am not a robot" and clicking the purple "Upload Documents" button to finalize the document upload. Please submit documents one at a time.

If you need assistance uploading documents, please contact us through any of the following methods:

- Contact us by phone:
  - o 844-NY1RENT (844-691-7368)
  - o For the hearing impaired, TTY phone number: 1-833-843-8829.
- Contact us by Webchat: Chat with a representative
- Contact a CBO: https://otda.ny.gov/programs/emergency-rental-assistance/help-applying/

**By accepting this payment, I, the property owner, acknowledge and accept the following terms:**

1. I am the property owner (or authorized agent for the owner) of the above referenced property and I am authorized to receive payments.

2. I agree that the arrears covered by this payment are satisfied.  I agree not to pursue eviction based on rent amounts reimbursed by these funds and agree to discontinue any pending eviction case that is based on or seeks to recover the reimbursed arrears. Additionally:

   - o I agree to waive any late fees due on any rental arrears paid pursuant to this program.
   - o I agree not to increase the monthly rent to an amount greater than the amount due at the time of the application for this program for a period of one year after the ERAP rental assistance payment is received.
   - o I agree not to evict for reason of expired lease or holdover tenancy any household on behalf of whom rental assistance is received for 12 months after the ERAP rental assistance payment is received.
   - o If the tenant resides in a building with 4 or fewer units, I may decline to extend the lease or tenancy if I or an immediate family member intend to occupy the unit as a primary residence.
   - o I agree to notify the tenant of the protections listed in this section.

3. I understand that ERAP funds are to be used only for expenses that are not paid by other sources. In the event that I am provided with duplicative assistance, I agree to repay any duplicative assistance as directed by the NYS Emergency Rental Assistance Program.

**For More Information on Appeals and Other Questions**
If you want more information on the appeals process, please visit the ERAP website online:
https://otda.ny.gov/programs/emergency-rental-assistance/appeals.asp If you have any other
questions, you may reach us through any of the following methods:

- Contact us by phone:
    - o 844-NY1RENT (844-691-7368)
    - o For the hearing impaired, TTY phone number: 1-833-843-8829.
- Contact us by Webchat: Chat with a representative
- Contact a CBO: https://otda.ny.gov/programs/emergency-rental-assistance/help-applying/

*Thank you,*
*NYS Emergency Rental Assistance Program*
*844-NY1-RENT (844-691-7368)*

**This is a no-reply email address and is not actively monitored. Please do not respond to this message.**

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: HOUSING PART S

------------------------------------------------------------x

FIFTH AND 106TH ST. ASSOCIATES, L.P.,

                       Petitioner,

       -against-

MARK HAYNES,
4 East 107th Street
Apartment 104-15B a/k/a 15B
New York, New York 10029

                     Respondent-Tenant,

------------------------------------------------------------x

Index No. 317051-22/NY

***JUDICIAL SUBPOENA DUCES TECUM and AD TESTIFICANDUM***

## The People of the State of New York

TO:  New York State Office of Temporary and Disability Assistance (OTDA)
      OTDA Office of Administrative Hearings
      14 Boerum Place, 1st Floor
      Brooklyn, NY 11201

GREETING:

    WE COMMAND YOU, That all business and excuses being laid aside, you appear and attend before one of the Judges of the Civil Court of the City of New York, County of New York at **Part S, Rm 1164B** of said Court, to be held at the Court House thereof; at 111 Centre Street, New York, New York, on **November 9, 2023 at 9:30 o'clock** in the forenoon, and at any recessed or adjourned date to give testimony in this action on the part of the petitioner and that you bring with you, and produce at the time and place aforesaid:

1. Certified copies of the Respondent's ERAP application and documents in support of Respondent's ERAP application submitted to OTDA (ERAP application ID: **QJV1H**) in connection with the apartment located at **4 East 107th Street, Apartment 104-15B a/k/a 15B, New York, New York 10029;**

2. Certified copies of documents showing the amount of ERAP funds disbursed, the months for which ERAP funds were allocated, the date of disbursement, the party and address to whom ERAP funds were made, the date ERAP funds were deposited and by whom;

3. Certified copies of the ERAP approval correspondence to Respondent and Petitioner; and

4. Certified copies of the font and back of the cancelled check(s) in connection with the ERAP funds on behalf of Respondent (ERAP application ID: **QJV1H**).

    Failure to comply with this subpoena is punishable as a contempt of Court and shall make you liable to the person on whose behalf this subpoena was issued for a penalty not to exceed one hundred fifty dollars and all damages sustained by reason of your failure to comply.

WITNESS, one of the Judges of the Housing Part of the Civil Court of the City of New York, this _____ day of October, 2023.

Rose & Rose
*Attorneys for Petitioner*
291 Broadway, 13th Floor
New York, NY 10007
(212) 349-3366
By: Jaincy Samuel
jsamuel@roseandroselaw.com

So-Ordered, J.H.C.

FILED
U.S. BANKRUPTCY COURT

2024 FEB 22  A 10: 53

S.D.N.Y.

# EXHIBIT E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------x

FIFTH AND 106th ST. ASSOCIATES, L.P.,

                      Plaintiff,

    -against-


    MARK HAYNES,

                      Defendant.

-----------------------------------------------------------------x

Index No:
Date Filed:

**SUMMONS**

Plaintiff's Address:
4 East 107th Street
New York, New York 10029

The basis of venue is:
Defendant's residence

To the above named Defendant(s):

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the date of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York) and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       February 3, 2022

Phillip L. Wartell
ROSE & ROSE
Attorneys for Plaintiff
291 Broadway, 13th floor
New York, New York 10007
(212) 349-3366
pwartell@roseandroselaw.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------x
FIFTH AND 106th ST. ASSOCIATES, L.P.

                Plaintiff,

      -against-

MARK HAYNES,

                Defendant.
--------------------------------------------------------------x

Index No:
Date Filed:

**VERIFIED COMPLAINT**

      PLAINTIFF, by its attorneys, ROSE & ROSE, complaining of the Defendant, hereby alleges as follows:

      1.     Plaintiff FIFTH AND 106th ST. ASSOCIATES, L.P. ("Plaintiff") is a limited liability company duly organized in and under the laws of the State of New York.

      2.     Plaintiff's principal place of business is located in the State of New York.

      3.     Plaintiff is the landlord of Apartment 15B a/k/a Unit 15B located at 4 East 107th Street, New York, New York 10029 in the City and County of New York (the "Premises").

      4.     Defendant MARK HAYNES ("Defendant") is a natural person who occupies the Premises as more fully set forth hereinbelow.

### AS AND FOR A FIRST CAUSE OF ACTION
### As Against the Defendant for Rent Due

      5.     Defendant entered into possession of the Premises pursuant to a written lease agreement (the "Lease") whereby the Defendant was required to pay rent to the Plaintiff on or before the 1st day of each month.

      6.     Defendant has failed to pay rent and currently owes $120,124.00 in rent arrears as follows: $3,781.00 per month for each of August 2019 through and including February 2022 and a balance of $2,913.00 for July 2019.

1

7. The Premises are not subject to the NYC Emergency Housing Rent Law or the Rent Stabilization Law of 1969 as Amended because said Premises are a Project-Based Section 8 apartment regulated by the United State Department of Housing and Urban Development.

8. Defendant has failed to pay rent within five days of the date on which rent became due pursuant to the parties rental agreement. Plaintiff notified Defendant by certified mail that it had not received such rent. Rent arrears had been demanded from the Defendant since same became due by fourteen day written-notice.

9. The building containing the Premises are a multiple dwelling and pursuant to the Housing Maintenance Code Article 41 there is a currently effective registration statement on file with the Office of Code Enforcement which designates the managing agent named below, a natural person over 21 years of age, to be in control of and responsible for the maintenance and operation of the dwelling: Agent- Metropolitan Realty Group-Melania Cinque, 1310 West Farms Road, Bronx, New York 10459, Multiple Dwelling Number 139802.

10. Plaintiff is accordingly entitled to judgment against Defendant in the amount of $120,124.00 together with statutory interest from the date of default.

WHEREFORE, Plaintiff demands judgment as follows:

A. On its First Cause of Action, judgment against Defendant in the amount of $120,124.00 together with statutory interest from the date of default;

B. Such other and further relief as may be just and proper.

2

Dated: New York, New York
February 3, 2022

Yours, etc.,

Phillip L. Wartell
ROSE & ROSE
Attorneys for Plaintiff
291 Broadway, 13th Floor
New York, New York 10007
(212) 349-3366

3

## VERIFICATION

State of New York )
                      ) ss.:
County of New York )

MITCHELL REITER, being duly sworn, deposes and says:

I am in-house general counsel to Metropolitan Realty Group, the registered managing agent of the Premises on behalf of the Plaintiff herein. I have read the foregoing complaint and, based on my personal knowledge and files and documents maintained by Plaintiff, I know the contents thereof to be true, except as to those allegations made upon information and belief, and as to those allegations, I believe them to be true.

_____
MITCHELL REITER

Sworn to before me this 3rd
day of February 2022

_____
Notary Public

KRISTINA SHAFRANSKI
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01SH6423779
Qualified in Nassau County
Commission Expires October 18, 2025

4

FILED
U.S. BANKRUPTCY COURT

2024 FEB 22  A 10: 53

S.D.N.Y.

# EXHIBIT F

CIVIL COURT OF THE CITY OF NEW YORK

COUNTY OF NEW YORK

—————————————————————X    HOUSING PART

FIFTH AND 106TH ST. ASSOCIATES, L.P.,
                    Plaintiff

                                                      L & T

        -against-                                      Index No. 15106/2022

MARK HAYNES,
                        Defendant

—————————————————————X

## VERIFIED ANSWER, AFFIRMATIVE DEFENSE AND COUNTERCLAIM

Defendant, Mark Haynes, appearing pro se, interpose the following answer to the complaint

herein:

1. Denies each and every allegation in the paragraphs marked "5", "6", "7", "8", "9", & "10".

2. Admit the allegations set forth in paragraphs marked "4".

3. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs "1";

    "2"; and "3".

### FIRST AFFIRMATIVE DEFENSE

4. Plaintiff failed to state a cause of action against Defendant upon which relief may be granted. Defendants rent

    was paid through NYS Emergency Rental Assistance Program (ERAP).

### SECOND AFFIRMATIVE DEFENSE

5. Plaintiff failed to provide legally sufficient evidence to support claim. Plaintiff failed to provide a copy of

    alleged contract.

### THIRD AFFIRMATIVE DEFENSE

6. The cause of action set forth in Plaintiff's Complaint is in violation of the Statute of Frauds. Plaintiff failed to

    comply with NYS Homes and Community Renewal rent registration requirements; NYS rent stabilization laws

    and filed an erroneous/inflated rent request to ERAP. Defendant currently has a Rent Overcharge Application

    Complaint # D132675B. **Exhibit A**

### COUNTERCLAIM

7. Plaintiff unlawfully enriched itself by filing a false claim to ERAP. Defendant demands that Plaintiff apply the

    overpayment towards Defendant's future rent. **Exhibit B**

**WHEREFORE**, Defendant respectfully requests that an Order be granted:

- Dismissing Plaintiff's Complaint in its entirety;

- Dismissing Plaintiff's Petition that was filed in New York Housing Court, L&T Part, Index# 054860/2020 and was never served on Defendant;

- A forensic accounting of actual rent due Plaintiff and applying the overpayment in the approximate amount of $26,713 towards Defendant's rent;

- and such other and further relief as the Court deems just and appropriate.

New York, New York
May 15, 2022

MARK HAYNES

## VERIFICATION

STATE OF NEW YORK )

ss:

COUNTY OF NEW YORK )

Mark Haynes, being duly sworn, deposes and says: That I am the defendant in this proceeding, that I have read the foregoing answer and know the contents thereof; that the same is true to my own knowledge, except to matters therein stated to be alleged on information and belief; and that as to those matters I believe them to be true.

MARK HAYNES

Sworn to me before this

20 day of May

NOTARY PUBLIC

JUSTIN K DEAN
Notary Public - State of New York
NO. 01DE6382306
Qualified in Suffolk County
My Commission Expires Oct 22, 2022

CIVIL COURT OF THE CITY OF NEW YORK

COUNTY OF NEW YORK

―――――――――――――――――――――――――X    HOUSING PART

FIFTH AND 106TH ST. ASSOCIATES, L.P.,
                              Plaintiff

                                                     L & T

        -against-                                Index No. 15106/2022

MARK HAYNES,

                        Defendant
―――――――――――――――――――――X

| VERIFIED ANSWER |
|---|

MARK HAYNES
PRO SE DEFENDANT
4 East 107th Street
Apt, 15B
New York. NY 10029
917-498-0646

TO:    Phillip L. Wartell
       ROSE & ROSE
       Attorneys for Plaintiff
       291 Broadway, 13th Floor
       New York, NY 10007
       212-349-3366

FILED
U.S. BANKRUPTCY COURT

2024 FEB 22  A 10: 54

S.D.N.Y.

# EXHIBIT G

CIVIL COURT OF CITY OF NEW YORK
COUNTY OF NEW YORK  HOUSING PART

FIFTH AND 106TH ST. ASSOCIATES, L.P.

        against           *Petitioner (Landlord),*
MARK HAYNES

                    *Respondent (Tenant)*

           Address:

4 EAST 107TH STREET
APT. 104-15B A/K/A 15B
NEW YORK , NY 10029

Index No. L/T 317051/22

**IMPORTANT TO TENANT**
If you are dependent upon a person
in the military service of the United
States or the State of New York,
advise the Clerk immediately, in order
to protect your rights.

**NOTICE OF NON-PAYMENT**
**PETITION DWELLING**

Petitioner's Business Address:
4 EAST 107TH STREET
NEW YORK, NY 10029

---

**Your landlord is suing you for nonpayment of rent.**

1. Your landlord has started an eviction nonpayment case against you for rent the landlord claims you owe. The landlord's reasons are given in the attached Petition.
2. Your landlord is asking this Court for:
   - a money judgment for $98,553.00, and
   - permission to evict you from your home if you do not pay the money judgment.
3. You have a right to a trial. But first you must answer the Petition by going to the landlord-tenant Clerk's office at:
   111 Centre Street, New York, NY 10013.
   You must do this within 10 days after the date these papers were given to you or a person who lives or works in your home, or were posted at your home at:

   All Rooms, APT. 104-15B A/K/A 15B located at 4 East 107th Street, New York, NY 10029, County of New York, City and State of New York.

**Warning!** If you don't answer the Petition within 10 days, a judgment may be entered against you. If that happens, the landlord will have the right to evict you.

4. Your Answer should say the legal reasons that you don't owe all or part of the rent. The legal reasons are called defenses. You can also say any claims you have against the landlord. You will have to prove your defenses and claims in court. To answer the Petition, you must either:
   - Go to the landlord-tenant Clerk's office and tell the Clerk your Answer, or
   - Give the landlord-tenant Clerk your Answer in writing (Form No. Civ-LT-91a).
   Information to help you answer the Petition (Form No. Civ-LT-92) is available at the landlord-tenant's Clerk's Office or online at nycourts.gov/housingnyc.
   **Important!** If you don't tell the Clerk about a defense in your Answer you might not be able to talk about it later in this case or any other case.
5. When you answer the Petition, you will get a date to come back to Court 3 to 8 days later. You have a right to postpone that date for 14 days but you have to come to the courthouse to ask for a postponement. If you pay all the rent due before your court date, the case will be dismissed.
6. If your name is not in this Notice, but you live in the home listed above, you have a right to come to Court and answer the Petition.

VB860.01 -101-15B     FILE NO: 39165



CIVIL COURT OF CITY OF NEW YORK
COUNTY OF NEW YORK  HOUSING PART

FIFTH AND 106TH ST. ASSOCIATES, L.P.

against

MARK HAYNES

*Petitioner (Landlord),*

*Respondent (Tenant)*

Address:

4 EAST 107TH STREET
APT. 104-15B A/K/A 15B
NEW YORK , NY 10029

Index No. LT **317051/22**

**IMPORTANT TO TENANT**
If you are dependent upon a person in the military service of the United States or the State of New York, advise the Clerk immediately, in order to protect your rights.

NOTICE OF NON-PAYMENT

PETITION DWELLING

Petitioner's Business Address:
4 EAST 107TH STREET
NEW YORK, NY 10029

**Your landlord is suing you for nonpayment of rent.**

1.   Your landlord has started an eviction nonpayment case against you for rent the landlord claims you owe. The landlord's reasons are given in the attached Petition.
2.   Your landlord is asking this Court for:
   * a money judgment for $98,553.00, and
   * permission to evict you from your home if you do not pay the money judgment.
3.   You have a right to a trial. But first you must answer the Petition by going to the landlord-tenant Clerk's office at:
   111 Centre Street, New York, NY 10013.
   You must do this within 10 days after the date these papers were given to you or a person who lives or works in your home, or were posted at your home at:

   > All Rooms, APT. 104-15B A/K/A 15B located at 4 East 107th Street, New York,  NY 10029, County of New York, City and State of New York.

**Warning!**  If you don't answer the Petition within 10 days, a judgment may be entered against you. If that happens, the landlord will have the right to evict you.

4. Your Answer should say the legal reasons that you don't owe all or part of the rent. The legal reasons are called defenses. You can also say any claims you have against the landlord. You will have to prove your defenses and claims in court. To answer the Petition, you must either:
   * Go to the landlord-tenant Clerk's office and tell the Clerk your Answer, or
   * Give the landlord-tenant Clerk your Answer in writing (Form No. Civ-LT-91a).
Information to help you answer the Petition (Form No. Civ-LT-92) is available at the landlord-tenant's Clerk's Office or online at nycourts.gov/housingnyc.
**Important!** If you don't tell the Clerk about a defense in your Answer you might not be able to talk about it later in this case or any other case.
5.  When you answer the Petition, you will get a date to come back to Court 3 to 8 days later. You have a right to postpone that date for 14 days but you have to come to the courthouse to ask for a postponement. If you pay all the rent due before your court date, the case will be dismissed.
6.  If your name is not in this Notice, but you live in the home listed above, you have a right to come to Court and answer the Petition.

L007-01-01 -104-15B          FILE NO  59105

Hon. Chief Clerk.  November 07, 2022 04:24 PM  New York County Civil Court - Landlord and Ten

1 of 2

CIVIL COURT OF CITY OF NEW YORK
COUNTY OF NEW YORK  HOUSING PART

FIFTH AND 106TH ST. ASSOCIATES, L.P.

against                          *Petitioner (Landlord),*

MARK HAYNES

*Respondent (Tenant)*

Address:

Index No. L/T

**NON-PAYMENT**

**PETITION DWELLING**

4 EAST 107TH STREET
APT. 104-15B A/K/A 15B
NEW YORK , NY 10029

---

THE PETITION OF FIFTH AND 106TH ST. ASSOCIATES,, L.P., the Owner\landlord alleges, upon information and belief:

1. Petitioner(s) is(are) the landlord(s) and owner of the premises.

2. Respondent(s) MARK HAYNES, is(are) tenant(s) in possession of said premises pursuant to a(n) WRITTEN lease agreement wherein respondents promised to pay to landlord or landlord(s) predecessor as rent $3,911.00 each month in advance on the 1ST day of each month.

3. Respondent(s) are now in possession of said premises.

4. The premises are the residence of the tenant(s) and the undertenant(s) herein.

5. The premises for which removal is sought was rented for Dwelling purposes and are described as follows: All Rooms, APT. 104-15B A/K/A 15B in the building known as 4 East 107th Street New York, NY 10029, situated within the territorial jurisdiction of this Court.

6. Pursuant to said agreement there was due from respondent tenant(s), the sum of $98,553.00 in rent and additional rent as follows:

| | | | |
|---|---|---|---|
| Nov 22 | $3,911.00 | Sep 20 | $3,781.00 |
| Oct 22 | $3,911.00 | Aug 20 | $3,781.00 |
| Sep 22 | $3,911.00 | Jul 20 | $3,781.00 |
| Aug 22 | $3,911.00 | Jun 20 | $3,781.00 |
| Jul 22 | $3,911.00 | May 20 | $3,781.00 |
| Jun 22 | $3,911.00 | Apr 20 | $3,781.00 |
| May 22 | $3,911.00 | Mar 20 | $3,781.00 |
| Apr 22 | $3,911.00 | Feb 20 | $3,781.00 |
| Mar 22 | $3,781.00 | Jan 20 | $3,781.00 |
| Feb 22 | $3,781.00 | Dec 19 | $3,781.00 |
| Nov 20 | $3,781.00 | Nov 19 | $3,781.00 |
| Oct 20 | $3,781.00 | | $10,550.00 |

7. THE APARTMENT IS NOT SUBJECT TO THE NYC EMERGENCY HOUSING RENT LAW OR THE RENT STABILIZATION LAW OF 1969 AS AMENDED BECAUSE SAID PREMISES ARE SUBJECT TO SECTION 8 AS REGULATED BY THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT.

8. Respondent has failed to pay rent within 5 days of the date on which rent became due pursuant to the parties rental agreement. Thereafter, petitioner notified respondent by certified mail that it had not received such rent.

100091-01 -104-15B      FILE NO:  39165

9. Said rent has been demanded from the tenant since same became due by a fourteen day written-notice, a copy of which, with proof of service is annexed hereto.

10. Respondent(s) have defaulted in the payment thereof and continue in possession of premises without permission after said default.

11. The premises are a multiple dwelling and pursuant to the Housing Maintenance Code Article 41 there is a currently effective registration statement on file with the Office of Code Enforcement which designates the managing agent named below, a natural person over 21 years of age, to be in control of and responsible for the maintenance and operation of the dwelling.

  AGENT: RAN'AE BACON
    4 EAST 107TH STREET, NEW YORK, NY 10029
  Multiple Dwelling No. 139938

WHEREFORE Petitioner requests a final judgment against respondents(s) for the rent demanded therein, awarding possession of the premises to the petitioner landlord, and directing the issuance of a warrant to remove respondent(s) from possession of the premises together with the costs and disbursements of this proceeding.

                  Dated November 7, 2022

FIFTH AND 106TH ST. ASSOCIATES,, L.P.


STATE OF NEW YORK, COUNTY OF NEW YORK

The Undersigned affirms under penalty of perjury that he is one of the attorneys for the petitioner, that he has read the foregoing petition and knows the contents thereof; that the same are true to his own knowledge except as to matters stated to be upon information and belief; and as to those matters he believes them to be true. The grounds of his belief as to matters not stated upon his knowledge are statements and/or records provided by the petitioner, its agents and/or employees and contained in the file in the Attorney's office. Petitioner is not in the County in which Attorney's office is located. This verification is made pursuant to the provisions of RPAPL 741.



    Dated: November 7, 2022         PETER A. ROSE, Esq

                ROSE & ROSE
                Attorney for Petitioner-Landlord
                291 BROADWAY, 13th Floor
                NEW YORK, NY 10007
                (212) 349-3366
                general@roseandroselaw.com



LHIC01-01 -104-15B  FILE NO: 39165

# NOTICE TO RESPONDENT TENANT

DURING THE CORONAVIRUS EMERGENCY, YOU MIGHT BE ENTITLED BY LAW TO SPECIAL DEFENSES AND PROTECTIONS RELATING TO EVICTIONS.

PLEASE CONTACT YOUR ATTORNEY IMMEDIATELY FOR MORE INFORMATION.

IF YOU DON'T HAVE AN ATTORNEY, PLEASE CALL

718-557-1379

OR VISIT

www.nycourts.gov/evictions/nyc/

**FOURTEEN (14) DAY NOTICE**

TO: MARK HAYNES
4 EAST 107TH STREET
APT. 104-15B A/K/A 15B
NEW YORK, NY 10029

Respondent-Tenant

PLEASE TAKE NOTICE that you are herby required to pay to FIFTH AND 106TH ST. ASSOCIATES, L.P., landlord of the above described premises, the sum of $86,820.00 for rent of the premises as follows:

| | | | |
|---|---|---|---|
| AUG22 | $3,911.00 | JUN20 | $3,781.00 |
| JUL22 | $3,911.00 | MAY20 | $3,781.00 |
| JUN22 | $3,911.00 | APR20 | $3,781.00 |
| MAY22 | $3,911.00 | MAR20 | $3,781.00 |
| APR22 | $3,911.00 | FEB20 | $3,781.00 |
| MAR22 | $3,781.00 | JAN20 | $3,781.00 |
| FEB22 | $3,781.00 | DEC19 | $3,781.00 |
| NOV20 | $3,781.00 | NOV19 | $3,781.00 |
| OCT20 | $3,781.00 | OCT19 | $3,781.00 |
| SEP20 | $3,781.00 | SEP19 | $3,781.00 |
| AUG20 | $3,781.00 | AUG19 | $2,988.00 |
| JUL20 | $3,781.00 | | |

You are required to pay within FOURTEEN (14) days from the day of service of this notice, or give up possession of the premises to the landlord. If you fail to pay or give up the premises, the landlord will commence summary proceedings against you to recover possession of the premises.

Dated August 29, 2022

FIFTH AND 106TH ST. ASSOCIATES, L.P., Landlord

**NOTA DE CATORCE (14) DIAS**

POR FAVOR SIRVASE TOMAR NOTA de que usted es requerido, por este medio, de pagar a FIFTH AND 106TH ST. ASSOCIATES, L.P., duena de les propiedades arriba descritas por la suma de $86,820.00 por la renta de las propiedades

| | | | |
|---|---|---|---|
| AUG22 | $3,911.00 | JUN20 | $3,781.00 |
| JUL22 | $3,911.00 | MAY20 | $3,781.00 |
| JUN22 | $3,911.00 | ABR20 | $3,781.00 |
| MAY22 | $3,911.00 | MAR20 | $3,781.00 |
| ABR22 | $3,911.00 | FEB20 | $3,781.00 |
| MAR22 | $3,781.00 | ENE20 | $3,781.00 |
| FEB22 | $3,781.00 | DEC19 | $3,781.00 |
| NOV20 | $3,781.00 | NOV19 | $3,781.00 |
| OCT20 | $3,781.00 | OCT19 | $3,781.00 |
| SEP20 | $3,781.00 | SEP19 | $3,781.00 |
| AUG20 | $3,781.00 | AUG19 | $2,988.00 |
| JUL20 | $3,781.00 | | |

Usted es requerido de pagar dentro de los CATORCE (14) dias a continuacion de recibir esta nota, o entregar al dueno la posesion de dichas propriedades. Si usted falla en pagar o en entregar las propiedades, la duena de las propriedades se vera obligada a proceder legalmente para recuperar la posesion de dichas propriedades.

FIFTH AND 106TH ST. ASSOCIATES, L.P., Landlord

Dated/Fechado: Augosto 29, 2022

MARK HAYNES
4 East 107th Street
APT. 104-15B A/K/A 15B
New York, NY 10029

**ROSE & ROSE**
Attorneys at Law
**291 BROADWAY, 13th FLOOR**
**NEW YORK, NY 10007**
Phone: (212) 349-3366

To:  MARK HAYNES

Date: August 29, 2022

This firm has been retained to collect a debt consisting of rent arrears totaling **$86,820.00**
Any information obtained will be used for that purpose.

The below named creditor claims that you owe rent arrears as specified. You have 30 days
from receipt of this notice to dispute the debt. If you fail to do so, we will assume
the debt to be valid. If you timely notify us, in writing, that you do dispute the debt, we will
obtain verification of the debt and mail same to you. Upon your written request made within
thirty (30) days of the receipt of this notice, we will provide you with the name and address
of the original creditor, if different from the current creditor.

This opportunity to dispute the debt is separate from any response that you are required to
make or any action you are required to take with respect to any other legal notices you
receive. Please respond to any legal notices you may receive within the time frames set forth
in those notices.

Creditor: FIFTH AND 106TH ST. ASSOCIATES,
L.P.

LHC01-04 -104-15B

MARK HAYNES
4 EAST 107TH STREET, APT. 104-15B A/K/A 15B
NEW YORK, NY 10029

AND 106ᵀᴴ ST ASSOCIATES. LP        Plaintiff

against

...AYNES     Respondent's

...OF NEW YORK, COUNTY OF NEW YORK   SS:

...kowicz, being duly sworn, deposes and says: The deponent is not a party to this
...d is over 18 years of age and resides in the State of New York.

...Sept 12, 2022 at 1:58 p.m. at 4 EAST 107ᵀᴴ ST Apt. 15 B a/k/a 104-15B, N.Y.
...9, I attempted to serve MARK HAYNES with copies of the with copies of the 14
...e with Fair Debt Collection Notice in this proceeding I gained access to the
...cated the door of Apt 15 B, I repeatedly knocked on the door, and rang the
...waited approximately 2 min. when no one answered I left.

...t 11, 2022 at 9:01 P.M. at the same location described above, when I again
...to serve MARK HAYNES with copies of the 14 Day Notice with Fair Debt
...Notice in this proceeding. I gained access to the building and located the door
...3, I repeatedly knocked on the door and rang the doorbell, I waited
...ely 2 min., when no one answered I served MARK HAYNES by attaching a true
...papers to the door at Respondents usual place of abode within the state.

...so within one day thereafter, on Oct 12, 2022 mailed a true copy of the 14 Day
...Fair Debt Collection Notice enclosed in a postpaid properly addressed
...first class mail and by certified mail to each Respondent at Respondent's last
...of abode within the state at
...ᵀᴴ ST Apt. 15 B a/k/a 104-15 B, N.Y. N.Y. 10029,
...hese envelopes in a -U.S. Mail Box- an official...
...ody of the United States Post...
...nd "Personal...


FIFTH AND 106TH ST. ASSOCIATES, L.P.
c/o SHP MANAGEMENT CORP.
4 EAST 107TH STREET
NEW YORK, NY 10029


Date:   08/26/2022

By Certified Mail

**MARK HAYNES**
4 EAST 107TH STREET
APT. 104-15B A/K/A 15B
NEW YORK, NY 10029


RE: Rent not received by your landlord

Dear   MARK HAYNES

Please take notice that your landlord, FIFTH AND 106TH ST. ASSOCIATES, L.P., has not received your rent payments within five days after the date specified for payment in your lease. Payment of $86,820.00 representing rent through August, 2022 has not been received within five days after the date specified for payment in your lease.


Very truly yours,
RAN'AE BACON
Managing Agent



CIVIL COURT OF CITY OF NEW YORK
COUNTY OF NEW YORK HOUSING PART

FIFTH AND 106TH ST. ASSOCIATES, L.P.

*Petitioner (Landlord),*

Index No. L/T 317051|22

against

MARK HAYNES

*Respondent (Tenant)*

Address:

4 EAST 107TH STREET
APT. 104-15B A/K/A 15B
NEW YORK , NY 10029

---

### NOTICE OF ELECTRONIC FILING
(Consensual Case)
(Uniform Rule § 208.4-a)

**You have received this Notice because:**

- o  The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York Courts e-filing system, and

- o  You are a defendant/Respondent (a party) in this case.

**If you are represented by an attorney:**  give this Notice to your attorney (Attorneys; see "Information for Attorneys" pg 2).

**If you are not represented by an attorney:**  you are not required to e-file. You may serve and file documents in paper form and you must be served with documents in paper form. However, as a party without an attorney, you may participate in e-filing.

#### Benefits of E-Filing

You can:

- o  serve and file your documents electronically
- o  view your case file on-line
- o  limit the number of trips to the courthouse
- o  pay any court fees on-line

There are no additional fees to file, view, or print you case records.

To sign up for e-filing or for more information about how e-filing works, you may:

- o  visit www.nycourts.gov/efile-unrepresented or
- o  go to the Help Center or Clerk's Office at the court where the case was filed. To find legal information to help you represent yourself visit www.nycourthelp.gov

### Information for Attorneys

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile.

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact NYSCEF Resource Center (phone: 646 386-3033; email: efile@nycourts.gov).

Dated: November 7, 2022

| | |
|---|---|
| Name | PETER A. ROSE |
| Firm Name | ROSE & ROSE |
| Address: | 291 BROADWAY, 13th Floor |
| | NEW YORK, NY 10007 |
| Phone | (212) 349-3366 |
| Email | general@roseandroselaw.com |

TO: MARK HAYNES
4 EAST 107TH STREET
APT. 104-15B A/K/A 15B
NEW YORK , NY 10029

7/19/19

Page 2 of 2

EFCIV-3

Index #
LIHC01-04 -104-15B     FILE NO: 39165

FILED
U.S. BANKRUPTCY COURT
2024 FEB 22  A 10: 54
S.D.N.Y.

# EXHIBIT H

```
 1   SUPREME COURT OF THE STATE OF NEW YORK
     COUNTY OF NEW YORK:  CIVIL TERM:   PART 18
 2   - - - - - - - - - - - - - - - - - - - - - - X
                                              :
 3    FIFTH AND 106TH ST. ASSOCIATES, L.P.    :
                                              :      INDEX NUMBER:
 4                     Plaintiff,             :
                                              :      151063/2022
 5           - against -                      :
                                              :
 6    MARK HAYNES,                            :
                                              :
 7                     Defendant.             :
                                              :
 8   - - - - - - - - - - - - - - - - - - - - - - X
                              Supreme Courthouse
 9                            71 Thomas Street
                              New York, New York 10007
10                            October 11, 2023

11   B E F O R E :

12           HONORABLE ALEXANDER M. TISCH,
                       Justice of the Supreme Court
13

14   A P P E A R A N C E S :

15

16           ROSE & ROSE
             Attorney for the Plaintiff
17           291 Broadway, 13th Floor
             New York, New York 10007
18           BY:   JAMES BAYLEY, ESQ.

19
             MARK HAYNES, Pro Se Defendant
20

21

22

23

24                                 ASHLEY MILLAN
25                                 SENIOR COURT REPORTER
```

Proceedings

1      THE COURT:  Appearances.

2      MR. BAYLEY:  For plaintiff, Fifth and 106th Street

3  Associates, LP, by Rose & Rose by James Bayley.

4      Good morning, your Honor.

5      MR. HAYNES:  Mark Haynes.

6      THE COURT:  Good morning, Mr. Haynes.

7      MR. HAYNES:  Good morning, your Honor.

8      THE COURT:  Your address.

9      MR. HAYNES:  4 East 107th Street, New York, New

10  York, 10029.

11      THE COURT:  Please be seated.

12      Okay, so it's your motion, Mr. Haynes, right?

13      MR. HAYNES:  Yes, your Honor.

14      THE COURT:  Okay, so tell me what you want the

15  Court to do.

16      MR. HAYNES:  Well, your Honor, I'm not a lawyer,

17  and I'm probably not an elegant speaker.

18      THE COURT:  That's fine.

19      MR. HAYNES:  So during this time, they had not --

20  they had failed to respond to my counterclaim.

21      THE COURT:  You're claiming they defaulted.

22      MR. HAYNES:  Correct, they defaulted, and they had

23  ample time to do so, over a year, and they still have not

24  done so.  And I don't understand, they shouldn't be

25  receiving any more time to do so.

AMM

Proceedings

1          THE COURT:  They opposed your motion and did a

2    cross motion asking just for that, didn't they?

3          MR. HAYNES:  Right, but they still have not

4    filed --

5          THE COURT:  Yes, but there were delays because

6    there were adjournments, right?  I mean, the reason it's

7    taken so long is because there have been adjournments,

8    correct?

9          MR. HAYNES:  No, there haven't.

10         THE COURT:  No adjournments?

11         MR. HAYNES:  I don't believe so.  I believe maybe

12   one time.  They still had ample time to do so.

13         THE COURT:  Mr. Bayley, when was the cross motion

14   filed?

15         MR. BAYLEY:  The cross motion was filed, your

16   Honor, in June '23, of course on June 23rd of this year.

17         THE COURT:  Right, and when was Mr. Haynes's motion

18   filed?

19         MR. BAYLEY:  That was filed in May, your Honor.

20         THE COURT:  So it was filed in May, okay, and when

21   was service -- Mr. Haynes, when did you serve -- actually

22   wait a second, the plaintiff initiated this case, so what's

23   the default?  Mr. Haynes, what's the default?

24         MR. HAYNES:  The default is they never put an

25   answer in.

1        THE COURT: Oh, they didn't put an answer to your

2  cross claim, okay, all right.

3        MR. HAYNES: Even when we first came before you,

4  your Honor, that was brought to your attention, and they had

5  ample time to do so at that time, as well.

6        THE COURT: Mr. Bayley, what was with the delay?

7        MR. BAYLEY: Your Honor, first of all, your Honor,

8  deadlines are serious things and I don't want, please, the

9  Court to take anything I say as flippancy or anything of the

10  sort. The fact of the matter is the date deadline to answer

11  -- reply to the counterclaim, excuse me, was missed. It is,

12  legally speaking, law office failure. Fundamentally, you

13  know, it is a case that --

14        THE COURT: What was the law office failure?

15        MR. BAYLEY: The deadline, and indeed, to actually

16  realize that a reply needed to be re-filed and had not been.

17  There were several people who handled this file. I know,

18  your Honor, that is not an excuse. Each one of them,

19  including myself, are responsible for dealing with it, and I

20  certainly don't mean to imply that I or my colleagues are

21  flippant about these things, but within the whole of this

22  case, as your Honor knows, there is also a formally related

23  but perceptually related a Housing Court case, it just never

24  was realized that there's a counterclaim here, we have to

25  file a reply.

Proceedings

1    As I said, your Honor, that obviously is not the

2 way it ought to be, it was not intentional, nor negligent.

3 It was, unfortunately, an oversight.

4    I don't want to interrupt Mr. Haynes, your Honor, I

5 can go on.

6    THE COURT:  That's okay, I asked you a question.

7 Do you acknowledge that they properly served you?

8    MR. BAYLEY:  With the counterclaim?

9    THE COURT:  Yes.

10    MR. BAYLEY:  There's no doubt about that, it was

11 e-filed.  You know, in my papers, your Honor, as you can

12 see, I'm not questioning the procedural --

13    THE COURT:  What's your meritorious defense?

14    MR. BAYLEY:  Well, the counterclaim says two

15 things.  Number one, unjust enrichment as to the ERAP

16 payment.  Fundamentally, Mr. Haynes didn't pay the ERAP

17 payment OTDA did, so it's a threshold matter.  A third party

18 can't claim unjust enrichment when the alleged benefit,

19 again, taking the claim allegations of the counterclaim

20 simply for the sake of argument, it wasn't Mr. Haynes's

21 money, so if anyone was unjustly enriched, and obviously, or

22 not surprisingly, your Honor, we obviously denied anyone

23 was, it would be OTDA.  In theory, OTDA may have a claim

24 against a landlord, maybe a claim against this landlord, but

25 Mr. Haynes is not in a position to say that the landlord was

1  unjustly enriched by OTDA's payment to do it.

2  Secondly, Mr. Haynes claims fraud in applying for

3  the ERAP. I actually have misspoken because it is a tenant

4  who applies for an ERAP, and it is a landlord who submits

5  documents in response to that application at the request of

6  OTDA, and my client denies any fraud whatsoever. Certain

7  documents, a lease, rent ledger, a couple of other documents

8  are asked to be submitted by landlords, and that's what my

9  client submitted. OTDA made the payment, presumably they

10  found all those submissions correct.

11  So the meritorious defense is just that. The

12  counterclaim lacks any grounds. I would also, as a

13  procedural matter, and I understand Mr. Haynes is pro se,

14  but still he does not support, by the way, any of his

15  claims. There's no proof or evidence or exhibits that would

16  establish either his unjust enrichment claim or his fraud

17  claim.

18  THE COURT: Mr. Haynes, I mean, I'm not going to

19  litigate the unjust enrichment claim here because it's

20  basically, that would come later in the proceeding, should I

21  vacate the default, but you're seeking $26,713 plus

22  interest, Mr. Haynes, $26,713 plus interest?

23  MR. HAYNES: Yes, your Honor.

24  THE COURT: What do you base that on?

25  MR. HAYNES: Just based off of the payments that

Proceedings

1    were paid out to the landlord.  In No. 6 in my order, it

2    states that, through the 18 years that I've been there, or

3    20 years I've been there at this point, the increases have

4    been subtle until 2019, to which it was almost tripled, or

5    double the price, I should say, and that was -- it's a HUD,

6    so it should be rent stabilized, and they went to full

7    market value, which they shouldn't have.

8          THE COURT:  Isn't that being adjudicated right now

9    by DHCR?

10         MR. HAYNES:  That's what we're trying to straighten

11    out.

12         THE COURT:  Well, then why are you asking me to --

13    if it's being straightened out by DHCR, why are you asking

14    me to grant you that money right now?  Shouldn't DHCR make

15    that decision?

16         MR. HAYNES:  It's possible, your Honor.

17         THE COURT:  Okay, so you're essentially, what

18    you're asking for in this motion is for me to grant you the

19    money that you're contesting right now at DHCR.

20         MR. HAYNES:  Well, okay, I understand what you're

21    saying, your Honor, I just look at it as in the bigger --

22    well, that's true, it comes from DHCR, but the amount that

23    they actually were charging, like I said, was quite --

24         THE COURT:  I know, but that's what DHCR is

25    adjudicating right now.

Proceedings

1     MR. HAYNES:  I think they just filed -- the amount

2   they filed for is over what I should have been paying.

3     THE COURT:  Okay, but wasn't ERAP making the

4   payments for you?

5     MR. HAYNES:  Correct, your Honor.

6     THE COURT:  Well, then how are you being prejudiced

7   if somebody else was making the payment?

8     MR. HAYNES:  They were making it, I guess, on my

9   behalf, but they also were --

10     THE COURT:  So you weren't paying out of pocket,

11   ERAP was paying.

12     MR. HAYNES:  Correct.

13     THE COURT:  So why should you be entitled to any

14   money from that if ERAP was making a payment?

15     MR. HAYNES:  Well, I think it should be applied to

16   whatever is still owed or whatever is owed.

17     THE COURT:  I see, okay, all right.

18     And what's going on, there are some actions pending

19   in other courts right now?

20     MR. BAYLEY:  Yes, your Honor, if I might be heard

21   on that.

22     THE COURT:  Yes.

23     MR. BAYLEY:  We've also moved for a stay of this

24   proceeding pending the present Housing Court proceeding.

25   It's a nonpayment case, as I point out in my papers.

AMM

Proceedings

1     THE COURT:  I thought ERAP made the payments.

2     MR. BAYLEY:  They didn't pay everything, your

3  Honor.  ERAP paid $56,000, in round numbers.  At the time, I

4  believe Mr. Haynes owed about $120,000.  Actually, your

5  Honor, if I may be brass, because it might help putting this

6  all in perspective, this is a project-based Section 8

7  building.  I will be succinct, because I'm sure your Honor

8  is aware of this.  In 2018, Mr. Haynes did not recertify,

9  therefore, as a matter of HUD rules and ultimately a matter

10  of law, the rent went to the contract amount, which at that

11  time I think it was like 3,700, I believe it's gone up to

12  about 3,900.  Mr. Haynes has not recertified since that

13  time, so that is, and that's purely by the rules of HUD,

14  that's what the rent presently is set at.

15     Now, there is a nonpayment case, indeed it's

16  scheduled for trial this Friday, October 13th.  Mr. Haynes's

17  defenses, affirmative defenses, and counterclaim are

18  substantially the same raised in this case as they are in

19  the Housing Court case, in which -- except for Mr. Haynes's

20  claim and our clause, both asking for forensic accounting,

21  which, as a practical matter, will happen because the

22  landlord has to prove the rent at the nonpayment trial.

23     The fundamental issues in this case, the ones

24  raised by Mr. Haynes are to be decided in the nonpayment

25  case, which is why we are asking for a stay.  That case very

AMM

Proceedings

1  well may, however it turns out, decide the issues or at

2  least most of the issues between the parties one way or

3  another.

4          THE COURT: What about the DHCR proceeding?

5          MR. BAYLEY: That, as well, your Honor. I would

6  have to say, I don't think there's been any progress in the

7  DHCR proceeding. DHCR has a lot of cases, they don't move

8  quickly. So far as I know, there has been no determination.

9  Yes, honestly, that is a factor, I apologize for leaving it

10  out, but DHCR's time periods tend to be longer than most

11  Supreme and L&T cases. Obviously DHCR's determination will

12  matter, I just don't think it's going to happen, certainly

13  not between now and Friday. I frankly would be surprised if

14  it would happen in the normal course of this case, although

15  obviously this case can stretch out for quite sometime, but

16  in any event, yes, there are other adjudicatory bodies who

17  are charged with specifically deciding landlord/tenant

18  issues, which are hearing these issues. Either both or one

19  of those can afford Mr. Haynes fairly complete relief,

20  legally speaking, and to the extent I alluded to the

21  forensic accounting he's seeking, that's equitable power,

22  certainly Housing Court can do that.

23          As a practical matter, because the landlord will

24  have to prove the rent due in its nonpayment case in Housing

25  Court, there is going to be fundamentally an accounting.

AMM

Proceedings

1  They will have to prove the documents, they'll have to show

2  how that rent adds up.  So if not 100 percent, certainly

3  large amounts of the issues between the parties will

4  probably be resolved in those two matters.  If there are any

5  left over for this Court to decide, obviously, if there's a

6  stay, either one or both sides could move to restore the

7  case to the calendar.  If none of those, if there are no

8  issues left over and they have all been decided between both

9  parties, obviously what remains is the procedural matter of

10  one or both sides informing the Court there's no longer a

11  dispute for Supreme Court to adjudicate on.

12        So I think the most efficient use of judicial

13  resources would be a stay of this proceeding pending the

14  outcome of those two proceedings.

15        THE COURT:  What if the Court just granted a long

16  adjournment?

17        MR. BAYLEY:  Your Honor, as a fact of the matter, I

18  suppose that would be the same.  For your Honor's

19  consideration, there are the issues, we are at least

20  calendared for a conference today.

21        THE COURT:  Where?

22        MR. BAYLEY:  Neither side has served --

23        THE COURT:  A conference here?

24        MR. BAYLEY:  Yes, we were supposed to have one on

25  October 4th, it was virtual, it was adjourned to today

Proceedings

1    because -- in any event, it was adjourned to today.

2            THE COURT:  Okay.

3            MR. BAYLEY:  You know, I would say, your Honor, my

4    position on conference would be, discovery at this point

5    might not be the most efficient way to conduct things, but,

6    you know, absent that, your Honor, a formal stay is not an

7    absolute necessity, it's simply to let the Housing Court and

8    DHCR make their decisions, and let's see if there's anything

9    left over for your Honor to decide.

10            THE COURT:  Mr. Haynes, do you want respond to

11   that?

12            MR. HAYNES:  I think he had more than enough time

13   and I think their excuse is not acceptable to me as far as

14   not putting in a response, so you know, I'm looking to get

15   an adjournment based on that alone.

16            THE COURT:  Okay, what the Court is going to do,

17   and the ruling that the Court is going to make is that the

18   Court is going to, on the defendant's motion to vacate the

19   default pursuant to CPLR Section 3215, the Court is going to

20   adjourn that part of the motion to a date that I will

21   specify in a couple of minutes -- I mean the defendant's

22   motion to vacate the default, not plaintiff's motion.

23            Plaintiff's cross motion to vacate the default is

24   going to be granted on the basis that the defendant made out

25   a proper excuse of law office failure in the miscalendaring

                                                          AMM

Proceedings

1   of the motion and the paperwork of the service of the cross

2   claim, which they acknowledge was properly served and

3   presented a meritorious defense to that cross claim of no

4   unjust enrichment and the counterclaim's reply/answer, which

5   has already been served, is that correct, Mr. --

6           MR. BAYLEY:  It's exhibited to the motion.

7           THE COURT:  Right, that's going to be served nunc

8   pro tunc.  Mr. Haynes, that means it's considered served

9   because you already have it.

10          The case is not going to be stayed, as per the

11  application of the plaintiff.  Instead -- strike that.  Let

12  me repeat this, because it's not making any sense.

13          The Court's ruling is that the defendant,

14  Mr. Haynes's motion for a default judgment pursuant to

15  Section 3215 is denied.  Plaintiff's cross motion to vacate

16  the default is granted and the answer/reply is considered

17  served nunc pro tunc.  The other prong of the plaintiff's

18  motion/cross motion to stay the action is denied.  We will

19  adjourn the conference, the discovery conference, we will

20  pick a new date for that, and we will notify you.

21          That's the decision and order of the Court.  The

22  reason the Court has vacated the default by the plaintiff on

23  the cross claim is that the plaintiff has proffered a

24  reasonable excuse in that it's law office failure for

25  miscalendaring the case, and that they have presented a

AMM

1    meritorious defense with no unjust enrichment, not that the

2    Court is making any determination on that, that's something

3    that DHCR is dealing with and the Housing Court is dealing

4    with.

5            So this action, while not formally stayed, will

6    have a discovery conference after the housing court case,

7    which is on Friday.  That's the decision and order of the

8    Court.  We will do a short form order reflecting that, that

9    you will be able to have and that will come out in the next

10   few days.

11           Thank you very much.

12           MR. BAYLEY:  Thank you, your Honor, have a good

13   day.

14           MR. HAYNES:  Is there anything else I could say,

15   your Honor?

16           THE COURT:  No, that's the decision.  Thank you.

17               *              *              *

18   Certified to be a true and accurate transcript of the foregoing

19   proceedings.

20           _Ashley Millan_

21           ASHLEY MILLAN
         Senior Court Reporter

22

23

24

25

                                                              AMM

FILED
U.S. BANKRUPTCY COURT
2024 FEB 22  A 10: 54
S.D.N.Y.

# EXHIBIT I



**OFFICE OF THE CITY MARSHAL**
**THOMAS BIA**
**CITY MARSHAL # 9**
**1000 Grand Concourse**
**BRONX, NY 10451**
**PHONE: 718/681-8878**
**FAX: 718/681-8677**

## WARRANT REQUISITION

**COUNTY: NEW YORK**
**INDEX # 317051/22**                    MARSHAL'S DOCKET # _364661_

**PETITIONERS**                          **RESPONDENTS**
FIFTH AND 106TH ST. ASSOCIATES,          MARK HAYNES,
L.P.
_____                  _____
_____                  _____
_____                  _____

**ADDRESS:**

APT. 104-15B A/K/A 15B            **ROOMS: ALL    FLOOR:**
4 EAST 107TH STREET, APT. 104-15B A/K/A 15B
NEW YORK, NY 10029


N/P  **X**     H/O _____   A/T _____    DEF **X**    RES **X**    COM _____


**COMMENTS:** _____

_____

: _____

**DATE: February 10, 2023**                    **THOMAS BIA**

_____                        **BADGE # 9**

# REQUEST FOR FINAL ORDER
## RESIDENTIAL

### MARSHAL: THOMAS BIA

**Attorneys for Petitioner-Landlord**

**ROSE & ROSE**

Attorneys at Law

**291 BROADWAY, 13th FLOOR**

**New York, New York 10007**

**212/349-3366**

**CIVIL COURT OF CITY OF NEW YORK**
**COUNTY OF NEW YORK**

---

**FIFTH AND 106TH ST. ASSOCIATES,**
**L.P.**

     -against-         **Petitioner/Landlord**

**MARK HAYNES**

**4 EAST 107TH STREET, APT. 104-15B A/K/A 15B**

**NEW YORK, NY 10029**

         **Respondent-Tenant**

**L & T Index No.**

**317051/22**

---

*Name of Tenant and/or Undertenant being fictitious and unknown,*
*person intended being in possession of the premises herein described.*

---

YOU ARE HEREBY REQUESTED TO SUBMIT THE PAPERS IN THE ABOVE-ENTITLED
PROCEEDING TO THE JUDGE FOR FINAL ORDER

DATED: NEW YORK, NY

     02/10/2023

Attorneys for Petitioner-Landlord

ROSE & ROSE

Attorneys at Law

291 Broadway, 13th Floor

New York, New York, 10007

212/349-3366

By: _____

PETER A. ROSE, Esq.

LIHC01-04 -104-15B

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: HOUSING PART
-------------------------------------------------------------------x

FIFTH AND 106TH ST. ASSOCIATES LP,                    Index No: L&T 317051/2022

                                    Petitioner-Landlord,
                                                              **AFFIRMATION OF**
                    -against-                                 **MILITARY INVESTIGATION**

MARK HAYNES
                                    Respondent-Tenant.

4 East 107th Street
Apt. 104-15B A/K/A 15B
New York, NY 10029
-------------------------------------------------------------------x

Brett C. Klatsky, being duly sworn deposes and says:

1.      I am an associate of the law firm of ROSE & ROSE, attorneys for Fifth and 106th

St. Associates LP (the "Petitioner") Petitioner herein, and am duly licensed to practice law before

the Courts of the State of New York. As such, I am familiar with the facts and circumstances as

related herein.

2.      This affirmation is being submitted in support of Petitioner's application for this

Court to enter a default judgment against Respondent Mark Haynes (the "Respondent") and issue

a warrant of eviction forthwith.

3.      The instant summary nonpayment proceeding was commenced against Respondent

by service of a notice of petition and petition, dated November 7, 2022, on December 8, 2022.

Respondent never answered the petition or appeared in the instant nonpayment proceeding and his

time to answer the petition has expired.

4.      I conducted an investigation on January 17, 2023, February 7, 2023 and February

9, 2023 at the offices of Rose & Rose located at 291 Broadway, 13th Floor, New York, 10007.

5.      I reviewed Respondent's tenant file, which contains such documents as

Respondent's lease and Respondent's personal information. Nothing contained in Respondent's

file indicated that Respondent was in the military or dependent financially on someone in the military.

6.      Respondent is fifty-one (51) years of age and prior to occupying the subject premises, Respondent lived at 620 Baychester Ave, Apt. 2N, Bronx, NY 10475.

7.      Respondent provided Petitioner with a contact telephone number at which Respondent could be reached – (917) 498-0646. On January 17, 2023 at approximately 5:00 p.m., at my office at Rose & Rose at 291 Broadway, 13th Floor, New York, New York, I called Respondent at (917) 498-0646. A male voice answered the phone and I asked to speak with Respondent Mark Haynes. The male voice asked me to identify myself and I provided my name and the purpose for my call, the male voice then identified himself to be Respondent. I then inquired into his military status and he informed me that he is not in the military.

8.      In addition to the above investigation, I conducted a search on the Department of Defense Manpower Data Center. Attached hereto as **Exhibit "A"** is printout from the Department of Defense Manpower Data Center showing no history of military service for Respondent. To obtain said printout, I entered Respondent's name and date of birth in the online search form provided by the Department of Defense Manpower Data Center.

9.      Based on the foregoing investigation, it is respectfully submitted that Respondent is not on active duty in the US armed forces or the armed forces of any state and is not dependent financially upon any person on active duty in the US armed forces or the armed forces of any state.

WHEREFORE, based on the foregoing, it is respectfully requested that this Court enter a default judgment against Respondent and issue a warrant of eviction forthwith.

Brett C. Klatsky

# Exhibit A

Department of Defense Manpower Data Center

Results as of : Feb-09-2023 09:28:34 PM

SCRA 5.15



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

SSN:
Birth Date:   Jan-XX-1972
Last Name:    HAYNES
First Name:   MARK
Middle Name:
Status As Of:  Feb-09-2023
Certificate ID:  FFX8Z1436F9WY2Z

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individual's active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty. HOWEVER, WITHOUT A SOCIAL SECURITY NUMBER, THE DEPARTMENT OF DEFENSE MANPOWER DATA CENTER CANNOT AUTHORITATIVELY ASSERT THAT THIS IS THE SAME INDIVIDUAL THAT YOUR QUERY REFERS TO. NAME AND DATE OF BIRTH ALONE DO NOT UNIQUELY IDENTIFY AN INDIVIDUAL.

*Michael V. Sorrento*

Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA 93955

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 3901 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q35) via this URL: https://scra.dmdc.osd.mil/scra/#/faqs. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 3921(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: HOUSING PART

-------------------------------------------------------------x

FIFTH AND 106TH ST. ASSOCIATES LP,

Index No: L&T 317051/2022

Petitioner-Landlord,

**AFFIDAVIT OF MERIT**

-against-

MARK HAYNES

Respondent-Tenant.

4 East 107th Street
Apt. 104-15B A/K/A 15B
New York, NY 10029

-------------------------------------------------------------x

STATE OF NEW YORK    )
                                        ) ss.:
COUNTY OF NEW YORK  )

Jennell Howard, being duly sworn deposes and says:

1.      I am an agent of SHP Management Corp., the registered managing agent of 4 East 10th Street, New York, NY (the "Building") on behalf of Fifth and 106th St. Associates LP (the "Petitioner") the Petitioner herein. I have personal knowledge of the contents of the petition and of the facts and circumstances set forth herein.

2.      I am making this affidavit in support of Petitioner's claim of rent due and owing to date, and in support of its request that this Court enter a default judgment against Respondent Mark Haynes (the "Respondent") and issue a warrant of eviction forthwith.

3.      The instant summary nonpayment proceeding was commenced against Respondent based on his failure to pay rent. Respondent never answered the petition or appeared in the instant nonpayment proceeding and his time to answer the petition has expired.

4.      I have reviewed the underlying petition in the instant proceeding and have personal knowledge of its contents. Based on my personal knowledge, I know the contents thereof to be true.

1

5.      According to the petition, Respondent owed Petitioner $98,553.00 as follows: (a) $10,550.00 pre-dating November 2019[1]; plus (b) $49,153.00 representing rent for November 2019 through November 2020 at the rate monthly rate of $3,781.00; plus (c) $7,562.00 representing rent for February 2022 and March 2022 at the rate monthly rate of $3,781.00; plus (d) $31,288.00 representing rent for April 2022 through November 2022 at the rate monthly rate of $3,911.00. The amount is a true and accurate representation of Respondent's arrears at the time the petition was prepared.

6.      In addition to the foregoing, Respondent was charged $12,565.00 on January 31, 2020. It is respectfully submitted that this charge is related to revocation of a rental concession that had been afforded to Respondent and that the $12,565.00 charge is related to rents due from January 2019 through July 2019 and not related to any rents being sought in the petition.

7.      Petitioner is not holding any payments from Respondent.

8.      Petitioner has not received any notice of any currently pending ERAP application by or on behalf of the Respondent.

9.      I also verified that Respondent has not vacated the subject premises.

10.     Today I reviewed Respondent's rent payment history ledger which is a document prepared and maintained by our office. A copy of the ledger is annexed hereto as **Exhibit "A"**. Since the date of the petition rent for the months of December 2022 through February 2023 have come due at the monthly rate of $3,911.00, bringing the total rent arrears to $110,286.00. Respondent has not made any payments since the petition was filed and served. Thus, Respondent has not satisfied the Petition as of the date of this application.

---

[1] The $10,550.00 is comprised of (a) $2,988.00 for August 2019; plus (b) $7,562.00 representing September 2019 and October 2019 rent at the monthly rate of $3,781.00.

2

11.     Through February 28, 2023, Respondent owes Petitioner $110,286.00 in rent arrears.

12.     These monies totaling $110,286.00 are calculated as follows: (a) $98,553.00 representing the arrears owed through the date of the petition; plus (b) $11,733.00 representing rent for December 2022 through February 2023 at the monthly rate of $3,911.00.

13.     These monies totaling $110,286.00 do not include and are without prejudice to Petitioner's claims to late and legal fees which Petitioner has incurred to date.

14.     Pursuant to my investigation, Respondent remains in possession of the premises. As such, Respondent has not satisfied the petition and remains in default.

15.     Based on my personal knowledge, there no person in this household is elderly, disabled or in need of a guardian ad litem.

WHEREFORE, as Respondent remains in default of the petition and has failed to pay Petitioner the monies due thereunder, it is respectfully requested that this Court enter a default judgment against Respondent and issue a warrant of eviction forthwith.

Jennell Howard

Sworn to me before this
9th day of February 2023

NOTARY PUBLIC

ROSMARLY FERRER
Notary Public - State of New York
No. 01FE6434974
Qualified in Bronx County
My Commission Expires 08/21/2026

3

# Exhibit A

# EXHIBIT J

 Gmail

DENISE CARTER <dcarter.home@gmail.com>

## Fwd: Fifth and 106th St. Associates, L.P. v. Mark Haynes, Index No. 317051/22 (4 East 107th Street, Apt. 15B)

**Marquell H.** <quellb1@yahoo.com>
To: Denise Carter <dcarter.home@gmail.com>

Tue, Feb 13 at 10:49 AM

Begin forwarded message:

**From:** Jainey Samuel <jsamuel@roseandroselaw.com>
**Date:** November 17, 2023 at 5:45:43 PM EST
**To:** quellb1@yahoo.com
**Subject: Fifth and 106th St. Associates, L.P. v. Mark Haynes, Index No. 317051/22 (4 East 107th Street, Apt. 15B)**

This is to confirm our discussion with management in court today. In court, management offered to settle this case as follows:

· If you vacate the subject apartment (surrender the keys and apartment free of all occupants and personal property), by 12/31/2023, the landlord will reduce the arrears so that you owe $60,000.

· If you vacate the subject apartment in 60 days, the landlord will reduce the arrears so that you owe $75,000.

As you know, the arrears are approximately $145k. Any security deposit will be deemed waived in favor of the landlord.

As discussed, this settlement offer will only remain on the table for two weeks from today, that is until 12/1/2023 at 5pm. After that, the offer is off the table. To avoid losing out on this settlement offer, you have until no later than 12/1/2023 at 5pm to inform the landlord whether you are accepting one of the offers noted above.

The trial is scheduled for 12/12/2023 at 9:30am in Part S before the trial judge. In the event that you seek or take steps to appeal the housing court's latest decision/order, make any further/other motions, or delay or seek to delay the litigation between the parties in any other form or fashion, the settlement offer shall be deemed immediately revoked.

Jainey Samuel

Rose & Rose

Attorneys at Law

291 Broadway, 13th Floor

New York, New York 10007

(212) 349-3366 Ext. 232

Email: jsamuel@roseandroselaw.com

www.RoseandRoselaw.com



FILED
U.S. BANKRUPTCY COURT

2024 FEB 22  A 10: 54

S.D.N.Y.

# EXHIBIT J


## Fwd: Fifth and 106th St. Associates, L.P. v. Mark Haynes, Index No. 317051/22 (4 East 107th Street, Apt. 15B)

**Marquell H.** <quellb1@yahoo.com>
To: Denise Carter <dcarter.home@gmail.com>

Tue, Feb 13 at 10:49 AM

Begin forwarded message:

**From:** Jainey Samuel <jsamuel@roseandroselaw.com>
**Date:** November 17, 2023 at 5:45:43 PM EST
**To:** quellb1@yahoo.com
**Subject: Fifth and 106th St. Associates, L.P. v. Mark Haynes, Index No. 317051/22 (4 East 107th Street, Apt. 15B)**

This is to confirm our discussion with management in court today. In court, management offered to settle this case as follows:

· If you vacate the subject apartment (surrender the keys and apartment free of all occupants and personal property), by 12/31/2023, the landlord will reduce the arrears so that you owe $60,000.

· If you vacate the subject apartment in 60 days, the landlord will reduce the arrears so that you owe $75,000.

As you know, the arrears are approximately $145k. Any security deposit will be deemed waived in favor of the landlord.

As discussed, this settlement offer will only remain on the table for two weeks from today, that is until 12/1/2023 at 5pm. After that, the offer is off the table. To avoid losing out on this settlement offer, you have until no later than 12/1/2023 at 5pm to inform the landlord whether you are accepting one of the offers noted above.

The trial is scheduled for 12/12/2023 at 9:30am in Part S before the trial judge. In the event that you seek or take steps to appeal the housing court's latest decision/order, make any further/other motions, or delay or seek to delay the litigation between the parties in any other form or fashion, the settlement offer shall be deemed immediately revoked.

Jainey Samuel

Rose & Rose

Attorneys at Law

291 Broadway, 13th Floor

New York, New York 10007

(212) 349-3366 Ext. 232

Email: jsamuel@roseandroselaw.com

www.RoseandRoselaw.com



FILED
U.S. BANKRUPTCY COURT

2024 FEB 22  A 10: 54

S.D.N.Y.

# EXHIBIT K


**Fwd: New payment request from The Law Firm of Adam Kalish P.C. - invoice 1883**
1 message

**Marquell H.** <quellb1@yahoo.com>
To: Denise Carter <dcarter.home@gmail.com>

Wed, Feb 21, 2024 at 3:24 PM

Begin forwarded message:

**From:** "The Law Firm of Adam Kalish P.C." <quickbooks@notification.intuit.com>
**Date:** November 30, 2023 at 4:50:20 PM EST
**To:** quellb1@yahoo.com
**Subject: New payment request from The Law Firm of Adam Kalish P.C. - invoice 1883**
**Reply-To:** adam.kalish@kalishpc.com



THE LAW FIRM OF
**ADAM KALISH**
P.C.

## Your invoice is ready!

Total $1,500.00

BALANCE DUE

# $1,500.00

Dear Mark Haynes,

Here's your invoice! We appreciate your prompt payment.

Thanks for your business!
The Law Firm of Adam Kalish P.C.

Pay invoice

   BANK

Check or Electronic Payment



THE LAW FIRM OF
ADAM KALISH
P.C.
182A 26th Street, Suite 2R, Brooklyn, N.Y., 11232

Adam Kalish Esq.
Office: (718) 857 – 3664
Email: Adam.Kalish@Kalishpc.com

*Hon. Frank Seddio, of Counsel
Former Judge, Surrogate's Court, Kings County

RETAINER AGREEMENT

November 30, 2023

Mark Haynes
4 East 107th Street
Apt 104-15B
New York, New York 10028

Re: LT 317051-22

This Retainer Agreement along with the Statement of Client's Rights and the Statement of Client's Responsibilities is furnished to you in accordance with the Joint Order of the Appellate Divisions, Part 1215, Title 22 of the Official Compilations of Codes, Rules and Regulations of the State of New York.

The following shall serve as a Retainer Agreement with regard to my representation in the below listed matter:

Mark Haynes, in the above-referenced action (referred to as "the Client") does hereby agree to retain the services of Adam Kalish, Esq. of the law firm of Adam Kalish, P.C., to represent the Client in litigation relating to Housing Court Petitions.

**A. LAW FIRM COMPENSATION:**

1. In connection with the services rendered, or to be rendered, it is understood and agreed that said services shall be compensated, at a minimum of appearances, at the rate of $600.00 per appearance, $350.00 per petition; motion work $250.00.



THE LAW FIRM OF

# ADAM KALISH

P.C.

## 182A 26th Street, Suite 2R, Brooklyn, N.Y., 11232

Adam Kalish Esq.
Office: (718) 857 – 3664
Email: Adam.Kalish@Kalishpc.com

*Hon. Frank Seddio, of Counsel
Former Judge, Surrogate's Court,
Kings County

### B.  SCOPE OF REPRESENTATION:

1.  All of our services in this matter will end, unless otherwise agreed upon in a writing signed by us, when there is a final agreement, settlement, decision or judgment by the court.
Not included within the scope of our representation are appeals from any judgments or orders of the court.

2. Appeals are subject to separate discussion and negotiation between our firm and you. Also not included in the scope of this agreement are services you may request of us in connection with any other matter, action or proceeding.

### C. FEE DEPOSIT & PAYMENT OF THE LAW FIRM'S COMPENSATION:

3.  All bills will be due and payable within 30 days of receipt. We reserve the right to charge interest after 30 days.

b. If our relationship is terminated in less time than would be required to expend the minimum fee on the basis of time alone, without your matter having been concluded by settlement or judicial action, then we shall not retain the entire minimum fee. Rather, in that event a fair and reasonable fee will be determined in accordance with legally accepted standards and only such portion of the minimum fee as represents such fair and reasonable fee would be retained. The elements of a reasonable fee are set forth in DR 2-106 of the Lawyer's Code of Professional Responsibility, a copy of which provision will be furnished to you upon request.

### D.  DISBURSEMENTS:



———— THE LAW FIRM OF ————

# ADAM KALISH
———— P.C. ————

## 182A 26th Street, Suite 2R, Brooklyn, N.Y., 11232

Adam Kalish Esq.                    *Hon. Frank Seddio, of Counsel
Office: (718) 857 – 3664                    Former Judge, Surrogate's Court,
Email: Adam.Kalish@Kalishpc.com     Kings County

1.      In addition to the above legal fees, the Client shall be responsible to pay for all necessary and reasonable costs and expenses incurred, or paid out in the performance of this firm's services.  These costs and expenses may include by specification:  filing fees, mailings, service of process, toll charges, local travel expenses, duplication expenses, facsimile charges and any other necessary expenses.  If this firm advances any costs or expenses in the matter, the Client shall forthwith reimburse the firm upon receipt of any invoice, unless said amount can be charged against any available retainer amount remaining in your account.

2.      In representing the Client this firm cannot and does not warrant or predict results or final developments with respect to any of the legal issues discussed during our meetings, or any other legal matter.  You hereby further acknowledge the law firm of Adam Kalish, P.C. shall be permitted to consult with other attorneys, consultants, and other professionals in connection with its representation of the Client with payment for same at Billable Rates identified herein.

### E.      THE PARTIES' RESPONSIBILITES:

1.      During the course of representation, the Client is entitled to professional and ethical representation by the Law Firm.  Accordingly, the Law Firm agrees to represent the Client pursuant to the provisions set forth in the "STATEMENT OF CLIENT'S RIGHTS" attached hereto and made a part of this Retainer Agreement.

### F.      PRIVACY NOTIFICATION:

1.      The Law Firm is committed to safeguarding information provided to the Law Firm by the Client. The Law Firm is bound by rules of professional conduct to protect the confidentiality of Client's information.  The Law Firm does not disclose to third parties confidential information, including personal financial information, learned during the course of the Law Firm's representation of Client other than as permitted or required by law or by the rules of professional conduct. The Law Firm retains records relating to professional services that the Law Firm provides so that the Law Firm is better able to assist the Client with the Client's professional needs and, in some cases, to comply



THE LAW FIRM OF

# ADAM KALISH
### P.C.

## 182A 26th Street, Suite 2R, Brooklyn, N.Y., 11232

Adam Kalish Esq.
Office: (718) 857 – 3664
Email: Adam.Kalish@Kalishpc.com

*Hon. Frank Seddio, of Counsel
Former Judge, Surrogate's Court,
Kings County

with the rules of professional conduct. The Law Firm maintains safeguards to protect any personal financial information, which the Law Firm may have received.

## G.    ARBITRATION

1.    New York has established a fee Dispute Resolution Program providing the informal and expeditious resolution of fee disputes between attorneys and Client through arbitration. Arbitrators shall determine the reasonableness of fees for professional services, including costs, taking into account all relevant facts and circumstances. You have a right to seek arbitration of any fee disputes under Part 137 of the Rules of the Chief Administrator of the New York State Courts. Upon your request, we will provide you with a copy of the full text of Part 137 of the Rules of the Chief Administrator.

## H.    RETAINER AGREEMENT ACKNOWLEDGED AND ACCEPTED:

If the foregoing meets with your approval, kindly signify your consent by signing your name in the acknowledgement provided below.

Sincerely yours,

ADAM KALISH, P.C.

_____
Adam Kalish, Esq.

_____
By:

Your attorney's written retainer agreement must specify under what circumstances he or she might seek to withdraw as your attorney for non-payment of legal fees. If an action or proceeding is pending, the Court may give your attorney a "charging lien" which entitles your attorney to payment for services already rendered at the end of the case out of the proceeds of the final order or judgment.

You are under no legal obligation to sign a confession of judgment or promissory note or to agree to a lien or mortgage on your home to cover legal fees. Your attorney's written retainer agreement must specify whether, and under what circumstances, such security may be requested. In no event may such security interest be obtained by your attorney without prior Court approval and notice to your adversary. An attorney's security interest in the marital residence cannot be foreclosed against you.

You are entitled to have your attorney's best efforts exerted on your behalf, but no particular results can be guaranteed.

If you entrust money with an attorney for an escrow deposit in your case, the attorney must safeguard the escrow in a special bank account. You are entitled to a written escrow agreement, and may request that one or more interest-bearing bank accounts be used. You also are entitled to a written receipt and a complete record concerning the escrow. When the terms of the escrow agreement have been performed, the attorney must promptly make payment of the escrow to all persons who are entitled to it.

In the event of a fee dispute, you may have the right to seek arbitration. Your attorney will provide you with the necessary information regarding arbitration in the event of a fee dispute or upon your request.

RECEIPT OF THE FOREGOING HAS
BEEN ACKNOWLEDGED:


_____                    By: _____
Adam Kalish, Esq.

FILED
U.S. BANKRUPTCY COURT
2024 FEB 22  A 10: 54
S.D.N.Y.

# EXHIBIT L


## Fwd: Fifth and 106th St. Associates, L.P. v. Mark Haynes, Index No. 317051/22 (4 East 107th Street, Apt. 15B)
1 message

**Marquell H.** <quellb1@yahoo.com>
To: Denise Carter <dcarter.home@gmail.com>

Tue, Feb 13, 2024 at 10:57 AM

Begin forwarded message:

**From:** Adam Kalish <adam.kalish@kalishpc.com>
**Date:** December 7, 2023 at 3:25:35 PM EST
**To:** "Marquell H." <quellb1@yahoo.com>
**Subject: Fwd: Fifth and 106th St. Associates, L.P. v. Mark Haynes, Index No. 317051/22 (4 East 107th Street, Apt. 15B)**

--------- Forwarded message ---------
**From: James Bayley** <jbayley@roseandroselaw.com>
**Date:** Thu, Dec 7, 2023 at 3:21 PM
**Subject:** RE: Fifth and 106th St. Associates, L.P. v. Mark Haynes, Index No. 317051/22 (4 East 107th Street, Apt. 15B)
**To:** Adam Kalish <adam.kalish@kalishpc.com>
**Cc:** Jainey Samuel <jsamuel@roseandroselaw.com>

Hi Mr. Kalish,

My client isn't amenable to your client's counter-offer.  As it appears this matter won't settle the parties will have to proceed with trial on 12/12/23.

Regards,


James E. Bayley

Rose & Rose

Attorneys at Law

291 Broadway, 13th Floor

New York, New York 10007

(212) 349-3366, ex. 223

Email: jbayley@roseandroselaw.com

www.RoseandRoselaw.com

RR ROSE & ROSE
LAW

**From:** Adam Kalish [mailto:adam.kalish@kalishpc.com]
**Sent:** Thursday, December 07, 2023 12:05 PM
**To:** James Bayley <jbayley@roseandroselaw.com>
**Cc:** Jainey Samuel <jsamuel@roseandroselaw.com>
**Subject:** Re: Fifth and 106th St. Associates, L.P. v. Mark Haynes, Index No. 317051/22 (4 East 107th Street, Apt. 15B)


## Fifth and 106th St. Associates, L.P. v. Mark Haynes, Index No. 317051/22 (4 East 107th Street, Apt. 15B)

Adam Kalish <adam.kalish@kalishpc.com>
To: Jainey Samuel <jsamuel@roseandroselaw.com>
Cc: James Bayley <jbayley@roseandroselaw.com>

Mon, Jan 8, 2024 at 4:47 PM

Ms. Samuel:

Thank you for your email seven days after my initial email. I can tell you put a lot of thought into this. As an initial matter, I disagree with your assessment from the housing court side of things. Fans Assoc v. Im 2023 N.Y. Slip Op. 50189 (N.Y. Civ. Ct. 2023) makes clear that NY County is following the 2nd Term in how it handles divestment of jurisdiction upon surrender. As for the Bankruptcy proceeding, a surrender agreement can be submitted to the bankruptcy court to be so ordered which would give your client the flexibility to relet the premises while at same time preserving his rights for the debt.

Do as you may but your client must mitigate his damages and this is an opportunity to do so.

On Mon, Jan 8, 2024 at 4:24 PM Jainey Samuel <jsamuel@roseandroselaw.com> wrote:

Dear Mr. Kalish:

In response to the below, your telephone message from Friday, and your client's recent message for the landlord to call him back, the landlord's response is noted below.

As an initial and threshold matter, Housing Court retains jurisdiction as the nonpayment proceeding was commenced and Mark Haynes was served while he was still in possession. So far, Mr. Haynes has not surrendered the apartment. A post-commencement surrender of the apartment does not deprive the Housing Court of jurisdiction.

Moreover, Mr. Haynes filed a Chapter 13 bankruptcy petition on December 8, 2023. We note that you do not represent Mr. Haynes in the bankruptcy case. This limits the authority that you have to address a surrender agreement and/or to surrender the apartment on Mr. Haynes' behalf. Additionally, as you may know, any agreement regarding the disposition of the apartment and executory contracts must be approved by the Bankruptcy Court.

Mr. Haynes remains free to vacate the premises and surrender the keys to our client at any time. Such vacatur may reduce his exposure for post-petition arrears from the time that our client actually has the keys. However, such vacatur does not absolve him from liability in the Housing Court proceeding (presently under the bankruptcy stay) and does not absolve Mr. Haynes from his obligations with respect to pre-petition debt in his Chapter 13 case.

If he decides to assume his lease in bankruptcy—and continued possession may result in assumption—he is obligated to "promptly" pay all arrears pursuant to the Bankruptcy Code and to provide adequate assurance of future payment. If Mr. Haynes decides to reject his lease, he must then vacate the premises, pay pre-petition arrears from his current income in accordance with the requirements of a Chapter 13 plan and is liable for lease rejection damages pursuant to the Code.

Sent from my iPhone


On Dec 6, 2023, at 6:52 PM, James Bayley
<jbayley@roseandroselaw.com> wrote:

Hi Mr. Kalish,


As per my voice message and Jainey's email below, I'm handling this matter in her absence. Please give me a call to discuss this matter.


As you know, the landlord's offer to Mr. Haynes was, in outline:


$75k due if Mr. Haynes vacates by January 31, 2024, with $25k up front in certified funds and the remaining balance of $50k paid over 10 months at $5000 per month payable by the 10th of every month in certified funds.


$60k due if Mr. Haynes vacates by December 31, 2023, with $60k up front in certified funds.


If Mr. Haynes defaults on any payment, then he is liable for the balance in full of approximately $145k.


Please advise if your client wishes to settle the matter on these terms.


Regards,

James E. Bayley

Rose & Rose

Attorneys at Law

291 Broadway, 13th Floor

New York, New York 10007

(212) 349-3366, ex. 223

Email: jbayley@roseandroselaw.com

www.RoseandRoselaw.com

**From:** Adam Kalish [mailto:adam.kalish@kalishpc.com]
**Sent:** Thursday, December 07, 2023 12:05 PM
**To:** James Bayley <jbayley@roseandroselaw.com>
**Cc:** Jainey Samuel <jsamuel@roseandroselaw.com>
**Subject:** Re: Fifth and 106th St. Associates, L.P. v. Mark Haynes, Index No. 317051/22 (4 East 107th Street, Apt. 15B)

For Settlement Purposes only:

Jan 31

10K down

2500 per month for 12 months

an additional 10K on the 12 month.

5 day default notice to cure upon default full amount in judgment- credit of payment

FILED
U.S. BANKRUPTCY COURT

2024 FEB 22  A 10: 54

S.D.N.Y.

# EXHIBIT M

**From:** Adam Kalish [mailto:adam.kalish@kalishpc.com]
**Sent:** Friday, December 29, 2023 9:45 AM
**To:** James Bayley <jbayley@roseandroselaw.com>
**Cc:** Jainey Samuel <jsamuel@roseandroselaw.com>
**Subject:** Re: Fifth and 106th St. Associates, L.P. v. Mark Haynes, Index No. 317051/22 (4 East 107th Street, Apt. 15B)

James:

Hope all is well, i received a call today that my client is attempting to vacate the premises but is being prevented from doing so by the landlord.  Trying to see if you can speak to your client as ultimately I would think he wants possession?

On Thu, Dec 7, 2023 at 3:21 PM James Bayley <jbayley@roseandroselaw.com> wrote:

Hi Mr. Kalish,

My client isn't amenable to your client's counter-offer.  As it appears this matter won't settle the parties will have to proceed with trial on 12/12/23.

Regards,

**From:** Adam Kalish [mailto:adam.kalish@kalishpc.com]
**Sent:** Friday, December 29, 2023 9:51 AM
**To:** Jainey Samuel <jsamuel@roseandroselaw.com>
**Cc:** James Bayley <jbayley@roseandroselaw.com>
**Subject:** Re: Fifth and 106th St. Associates, L.P. v. Mark Haynes, Index No. 317051/22 (4 East 107th Street, Apt. 15B)

He has movers at the location to remove his items and surrender the premises and the landlord is preventing the movers from accessing the apartment.

On Fri, Dec 29, 2023 at 9:49 AM Jainey Samuel <jsamuel@roseandroselaw.com> wrote:

Please explain exactly what your client means by "my client is attempting to vacate the premises but is being prevented from doing so by the landlord".

Jainey Samuel

Rose & Rose

Attorneys at Law

291 Broadway, 13th Floor

New York, New York 10007

(212) 349-3366 Ext. 232

Email: jsamuel@roseandroselaw.com

www.RoseandRoselaw.com

FILED
U.S. BANKRUPTCY COURT

2024 FEB 22  A 10: 54

S.D.N.Y.

# EXHIBIT N

On Dec 31, 2023, at 5:47 PM, Marquell H. <quellb1@yahoo.com> wrote:

On my way to your office now. When you say your mailbox is locked are you saying that I cannot put the keys inside? Please confirm.

On Dec 31, 2023, at 5:40 PM, Adam Kalish <adam.kalish@kalishpc.com> wrote:

Hey Mark:

my office is on 26th and 4th in brooklyn.  182A 26th st.  mailbox is locked on the outside of the office

Sent from my iPhone

On Dec 11, 2023, at 4:42 PM, Marquell H. <quellb1@yahoo.com> wrote:

**From:** efile@nycourts.gov
**Date:** December 11, 2023 at 4:12:44 PM EST
**To:** isvetlichnaya@roseandroselaw.com, pwartell@roseandroselaw.com, dhaberman@roseandroselaw.com, quellb1@yahoo.com, jbayley@roseandroselaw.com
**Subject: NYSCEF Notification: New York - Real Property - Other - <NOTICE OF BANKRUPTCY (POST RJI)> 151063/2022 (FIFTH AND 106TH ST. ASSOCIATES, L.P. v. MARK HAYNES)**

(212) 349-3366 Ext. 232

Email: jsamuel@roseandroselaw.com

www.RoseandRoselaw.com


<image001.png>


**From:** Adam Kalish [mailto:adam.kalish@kalishpc.com]
**Sent:** Wednesday, January 03, 2024 12:24 PM
**To:** Jainey Samuel <jsamuel@roseandroselaw.com>
**Cc:** James Bayley <jbayley@roseandroselaw.com>
**Subject:** Re: Fifth and 106th St. Associates, L.P. v. Mark Haynes, Index No. 317051/22 (4 East 107th Street, Apt. 15B)


A response would be appreciated.


On Tue, Jan 2, 2024 at 9:26 AM Adam Kalish <adam.kalish@kalishpc.com> wrote:

Good Morning:


I received the keys to the premises. Please prepare a surrender agreement discontinuing the housing court proceeding as this is no longer a housing court matter and I will return the keys at your direction.


On Fri, Dec 29, 2023 at 10:56 AM Jainey Samuel <jsamuel@roseandroselaw.com> wrote:

The landlord did not prevent movers from accessing the apartment. The house rules require that movers be arranged ahead of time. But he failed to do this ahead of time. Plus, someone other than Mark Haynes was trying to have movers take property out of the apartment. Of course, the landlord does not allow that.


Contrary to your email below, Mark Haynes showed up at the property much later and he stated that he did not want to surrender the apartment but only move out property from the apartment. He then called you from the management office. After speaking with you, he confirmed that he did not want to surrender the apartment/keys. Also, you apparently advised Mark Haynes to take a photo of the office staff.


You clearly have our contact information and you stated that you were retained to handle his surrender agreement, but he failed to contact us ahead of time to resolve this or arrange for his move out and surrender of the apartment.


I'm not sure why you are confused but happy new year.


Jainey Samuel

Rose & Rose

Attorneys at Law

291 Broadway, 13th Floor

New York, New York 10007

(212) 349-3366 Ext. 232

Email: jsamuel@roseandroselaw.com

www.RoseandRoselaw.com

Begin forwarded message:

**From:** "Marquell H." <quellb1@yahoo.com>
**Date:** January 1, 2024 at 10:22:49 AM EST
**To:** Adam Kalish <adam.kalish@kalishpc.com>
**Subject: Re: NYSCEF Notification: New York - Real Property - Other - <NOTICE OF BANKRUPTCY (POST RJI)> 151063/2022 (FIFTH AND 106TH ST. ASSOCIATES, L.P. v. MARK HAYNES)**

Good morning Adam

just wanted to follow up with you

And make sure we get in contact with the management to let you know we submitted the keys and the apartment.

Thank you
HNY

On Dec 31, 2023, at 6:10 PM, Adam Kalish <adam.kalish@kalishpc.com> wrote:

there is a slot that you can drop them off

Sent from my iPhone


**America's Most Convenient Bank®**

MARKQUELL HAYNES

## ACCOUNT ACTIVITY

### Transactions by Date (continued)

| DATE | DESCRIPTION | DEBIT | CREDIT | BALANCE |
|------|-------------|-------|--------|---------|
| 12/26 | DBCRD PUR AP, *****30152126520<br>AUT 122323 VISA DDA PUR AP<br>EL RIO GRANDE 500      NEW YORK     * NY | 110.38 | | 2,939.35 |
| 12/26 | TD ATM DEBIT AP, *****30152126520<br>AUT 122523 DDA WITHDRAW AP<br>100 WEST 125TH STREET     NEW YORK     * NY | 420.00 | | 2,519.35 |
| 12/26 | ELECTRONIC PMT-WEB,<br>AMEX EPAYMENT ACH PMT M5128 | 2,000.00 | | 519.35 |
| 12/27 | DBCRD PUR AP, *****30152126520<br>AUT 122423 VISA DDA PUR AP<br>RICARDO STEAK HOUSE     212 2895895   * NY | 185.24 | | 334.11 |
| 12/27 | DBCRD PUR AP, *****30152126520<br>AUT 122523 VISA DDA PUR AP<br>SUNOCO 0368305901     RIDGEFIELD   * NJ | 50.00 | | 284.11 |
| 12/27 | DBCRD PUR AP, *****30152126520<br>AUT 122623 VISA DDA PUR AP<br>CVS PHARMACY 10041     NEW YORK   * NY | 56.99 | | 227.12 |
| 12/28 | DBCRD PUR AP, *****30152126520<br>AUT 122723 VISA DDA PUR AP<br>TARGET      00033944   NEW YORK   * NY | 18.28 | | 208.84 |
| 12/29 | DEBIT CARD CREDIT, *****30152126520<br>AUT 122623 VISA DDA REF<br>U HAUL OF CHELSEA     NEW YORK   * NY | | 36.91 | 245.75 |
| 12/29 | TD ZELLE RECEIVED,<br>336300I0GM0W Zelle MARKQUELL HAYNES | | 1,100.00 | 1,345.75 |
| 01/02 | DEBIT CARD CREDIT, *****30152126520<br>AUT 122823 VISA DDA REF<br>U HAUL OF CHELSEA     NEW YORK   * NY | | 17.26 | 1,363.01 |
| 01/02 | eTransfer Credit, Online Xfer<br>Transfer from SV 00008919046741 | | 30.00 | 1,393.01 |
| 01/02 | TD ZELLE RECEIVED,<br>400200L0F8KI Zelle MARKQUELL HAYNES | | 200.00 | 1,593.01 |
| 01/02 | DBCRD PUR AP, *****30152126520<br>AUT 122923 VISA DDA PUR AP<br>PIECE OF CAKE MOVING   212 6517273 * NY | 1,205.50 | | 387.51 |
| 01/02 | DBCRD PUR AP, *****30152126520<br>AUT 122923 VISA DDA PUR AP<br>NYCDOT PARKING METERS     LONG ISLAND C * NY | 13.25 | | 374.26 |
| 01/02 | DBCRD PUR AP, *****30152126520<br>AUT 122923 VISA DDA PUR AP<br>NYCDOT PARKING METERS     LONG ISLAND C * NY | 3.00 | | 371.26 |
| 01/02 | DBCRD PUR AP, *****30152126520<br>AUT 122923 VISA DDA PUR AP<br>CVS PHARMACY 10041     NEW YORK   * NY | 29.93 | | 341.33 |

January 3, 2024

Lakeview Apartments
4 East 107th Street
New York NY 10029

ATTN: Management Office

As you know I moved out of my apartment, 15B of your office building, over the weekend of
December 29, 2023. Your office authorized my movers access to the building for this purpose.
Since your office was closed on December 31, 2023, my attorney Adam Kalish told me to
surrender the keys to him and he would notify your attorneys. However, Mr. Kalish has informed
me that your attorneys are not accepting the surrender of the keys.

According to my attorney, he has sent several emails to your attorneys, Rose and Rose,
advising them that I gave him the keys on December 31, 2023 and to send him the surrender
agreement so that he can return the keys. Kindly advise me as to where you would like to turn in
the keys to the unit.

Very truly yours

Mark Haynes
Former Lakeview tenant
917-498-0646

Cc.  Adam Kalish, Esq
     Rose and Rose Law Firm

# USPS Tracking®

Tracking Number:

## 9505513405074006844042

Remove ✕

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

### Latest Update

Your item was delivered in or at the mailbox at 3:13 pm on January 8, 2024 in NEW YORK, NY 10029.

Get More Out of USPS Tracking:

    USPS Tracking Plus®

### Delivered

**Delivered, In/At Mailbox**
NEW YORK, NY 10029
January 8, 2024, 3:13 pm

**See All Tracking History**

What Do USPS Tracking Statuses Mean? (https://faq.usps.com/s/article/Where-is-my-package)

Text & Email Updates                                        ⌄

USPS Tracking Plus®                                          ⌄

Product Information                                          ⌄

See Less ⌃

Feedback

Track Another Package

Enter tracking or barcode numbers

## Need More Help?

Contact USPS Tracking support for further assistance.

FAQs



FILED
U.S. BANKRUPTCY COURT

2024 FEB 22  A 10: 54

S.D.N.Y.

# EXHIBIT O

Pertition# 23-11977-Pb

Mark Haynes
38 W. Avon Ave.
Irvington, New Jersey 10011

January 29, 2024

106th Street Associates
Lakeview Management
New York, NY 10029

Subject: Surrender of Apartment Keys and Termination of Liability

Dear 106th Street Associates,

I hope this letter finds you well. I am writing to formally surrender the keys to my apartment and initiate the process of terminating any agreement for the property located at 4 East 107th Street, Apt. 15B due to court proceedings. I hereby surrender the apartment; since December 31, 2023, I am no longer occupying this apartment.

I am providing notice, understanding that this notice period is necessary for you to make arrangements for the transition and to address any formalities related to the property.

Since January 1, 2024, my attorney has attempted to return the keys on my behalf numerous times. I will once again attempt to return the keys to the apartment on January 29, 2024. Additionally, I am willing to schedule a walkthrough of the premises with you to ensure that the property is left in good condition.

I appreciate your prompt attention to this matter, and I am open to discussing any further details or requirements you may have during this process.

Thank you for your understanding and cooperation.

Sincerely,

Mark Haynes
9174980646
Quellb1@yahoo.com

*1-29-2024*

Sworn before me this

29 day of January 2024

Notary Public

Please sign below to confirm that you have received the keys.

David Irigarry    Date 01/29/24
Signature

David Irigarry
Print

ALEKSANDR ABDURAKHMANOV
Notary Public, State of New York
No. 01AB6143871
Qualified in Queens County
Certificate Filed in New York County
Commission Expires 04/17/2025

FILED
U.S. BANKRUPTCY COURT

2024 FEB 22 A 10: 55

S.D.N.Y.

# EXHIBIT P

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:                                           Chapter 13

    Mark Haynes                                Case No.: 23-11977-pb

                   Debtor.

-----------------------------------------------------------x

## ORDER GRANTING DEBTOR'S MOTION TO TRANSFER VENUE, EFFECTIVE MARCH 8, 2024

**WHEREAS** Fifth and 106th St. Associates LP ("Landlord") filed a motion for relief from stay on January 9, 2024 (Dkt. No. 15), which has been set for a hearing on March 7, 2024;

**WHEREAS** after the Landlord's motion for relief from stay was filed, the Debtor filed a motion to transfer venue of this chapter 13 case to the United States Bankruptcy Court for the District of New Jersey (Dkt. No. 21), which was returnable February 8, 2024;

**WHEREAS** the Court heard arguments on the motion to transfer venue on February 8, 2024;

**WHEREAS** transfer of the case requires a showing that transfer is either in the interest of justice or for the convenience of the parties pursuant to 28 U.S.C. Section 1412 and Federal Rule of Bankruptcy Procedure 1014(a)(1);

**WHEREAS** the Debtor represented at the February 8, 2024 hearing that he is unable to find either pro bono counsel or paid counsel that he can afford in New York, but has found counsel he can afford in his new home state of New Jersey;

**WHEREAS** the Court takes judicial notice of the fact that chapter 13 cases are predominantly conducted remotely in the United States Bankruptcy Court for the District

of New Jersey, thereby reducing the prejudice that a transfer of venue would cause to the

Landlord and other creditors of the Debtor that are based in New York;

**WHEREAS** the Court concludes that the interests of justice would be served best

by transferring venue to enable the Debtor to obtain representation in his case, but only

after the March 7, 2024 hearing on the Landlord's motion for relief from stay;

**IT IS HEREBY ORDERED THAT**

1.      The Debtor's motion to transfer venue is hereby granted as set forth

herein.

2.      The Debtor's case shall be transferred to the United States Bankruptcy

court for the District of New Jersey on March 8, 2024.

Date: February 9, 2024
New York, New York

/s/ Philip Bentley
**Hon. Philip Bentley**
**United States Bankruptcy Judge**